# Appeals of William Bedell, H. B. Sinclair and of Mrs. M. J. Bedell.

1. The findings of fact by an auditor will not be set aside unless for plain error or for reasons which would induce a court to set aside a verdict.

2. A deed from a husband to his wife is not void if good in equity, and where a consideration moving from the wife is clearly established the deed will prevail.

3. In a contest with the creditors of the husband, where the equitable title of the wife is sustained and it appears that her conduct was such as to induce the litigation, the costs of the controversy must be paid out of the fund awarded to her.

November 4th 1878. Before AGNEW, C. J., MERCUR, GORDON, and TRUNKEY, JJ. SHARSWOOD, PAXSON and WOODWARD, JJ., absent.

Appeals from the Court of Common Pleas, No. 2, of *Allegheny county:* Of October and November Term 1877, Nos. 216 and 235. And of October and November Term 1878, No. 9.

Appeals of William Bedell, H. B. Sinclair and Mrs. M. J. Bedell, respectively, from the decree of the court in the matter of the sheriff's sale of the real estate of Joel Bedell, and upon the exceptions filed to the sheriff's special return of the sale.

On the 18th of July 1874, Andrew Bedell, Sr., father of Joel Bedell, died, and the property described in the special return in this case descended to said Joel Bedell and his eight sisters and brothers, subject to the dower of their mother. On September 25th 1874, judgment was had against Joel Bedell at November term 1874, in favor of Wm. and Robert Caughey, for $600, and on November 19th 1874, by deed recorded November 30th 1874, he conveyed his interest in said property to his wife, Margaret J. Bedell, the deed expressing a consideration "of one dollar, and in repayment and return of moneys loaned out of her separate estate." Afterwards, on December 7th 1874, judgments were had against him at December Term 1874, in favor of Kramer & Vogelson for $262.62, and C. Bulger & Co., for $199.90. And on December 16th 1874, in favor of Wm. Whigham for $525, and afterwards other judgments were obtained by other parties.

Executions were issued on the Caughey and Whigham judgments, to which the sheriff made a special return that he had sold the property for $4500, to William Bedell and received from said purchaser, $2794.50, on account, which he had applied to certain judgments appearing on the list of liens against Joel Bedell, and had taken the purchaser's receipt for the balance of the purchase-money, he being first lien-creditor for that amount, as assignee of the four judgments specified. To this return, Mrs. Bedell filed exceptions, which, while admitting that the property sold was liable for the debt of Joel Bedell on the Caughey judgment, denied

that it was liable to execution and sale on any judgment procured against said Joel Bedell, after the 19th day of November 1874, the date of the deed aforesaid to Mrs. M. J. Bedell, and claimed the balance of the money made as her property. An auditor was appointed to pass upon the exceptions and distribute the money made, according to law. The facts relied upon to sustain the wife's equitable title, were as follows:—

In 1860 or 1861, William Huffman, father of Mrs. Margaret J. Bedell, the exceptant, wife of Joel Bedell, defendant in this execution, died. He left surviving him, a widow, Sarah Ann, and six children, viz.: A. J., James C., Margaret J., John R., Wm. J. and Louis B., to whom descended from him two farms known respectively, as "The Homestead" and "The McElhenny farm." On June 24th 1861, A. J. conveyed his interest in said lands to his mother, Sarah Ann, and afterwards, namely, on January 10th 1864, James C. conveyed his interest to her. On October 9th 1863, John R. conveyed his interest to Joel Bedell, the defendant, to whom also on January 27th 1864, Wm. J. conveyed his interest. The said Sarah Ann having thus come into possession of the undivided two-sixths was, with her son, L. B., seised of the undivided one-half, and the said Joel Bedell having, by conveyance as aforesaid, become possessed of the undivided two-sixths, was, with his wife, Mrs. M. J. Bedell, seised of the undivided one-half. After the said farms had been appraised as of equal value by Samuel Denison, Benjamin Gilmore and Sidney Houston, appraisers, amicably agreed upon by the parties in interest for that purpose, on June 3d 1864, said appraisement was accepted and ratified by the parties and partition made by mutually executing deeds of release or quit claim ; to the said Sarah Ann and L. B. Huffman for the "Huffman homestead;" and to the said Joel Bedell and Margaret J. Bedell for "The McElhenny farm." On June 30th 1864, Joel Bedell and Margaret J. Bedell joined in a deed conveying the same to his father, Andrew Bedell, Sr., Joel Bedell at the same time giving in addition a bond and mortgage for $3000. In consideration and exchange for which Andrew Bedell, Sr., on the same day conveyed to said Joel Bedell a tract of coal land, containing 140 acres and 155 perches. And Joel Bedell having previously negotiated the sale of the coal underlying the same, on the same day conveyed said coal to Wm. & N. O'Neil, for a consideration of $125 per acre, the whole aggregating $17,621 ; and afterwards, by articles of agreement, dated September 20th 1864, sold the said tract of land to Wm. Bradshaw, for $8500 cash, and he having in the interim conveyed his interest to J. P. Wylie, said agreement was executed by the delivery of a deed dated March 13th 1865, to said J. P. Wylie. On the same day on which he had articled with said Wm. Bradshaw, and eighty-two days after the said conveyance to Andrew Bedell, Sr., said Joel Bedell gave to

his said wife, Margaret J., a judgment note for $4000, in payment for her interest.

This note continued in the possession of the wife until the debt was repaid by the deed of November 19th 1874, and was seen by Andrew Bedell, Jr., a disinterested witness, in 1872, nearly two years before the insolvency of said Joel Bedell. There was no credit on it, and it amounted with accrued interest to the sum of $6439.32. The deed conveyed to her the undivided one-ninth of the coal and land described (the description being the same as that contained in the execution in this case) as containing about 182 acres of land and 227 acres of coal. The highest estimate of the value of the property by the creditor's witnesses per acre, gave a total of $68,150; the one-ninth of which, viz.: $7572.22, less the Caughey judgment, $600, without interest or costs, equals $6972.22, or $532.90 more than the note and interest. The lowest estimate was $52,250, the one-ninth of which, viz.: $5804.45, less the Caughey judgment, viz.: $600, equals $5204.45, or $1234.87 less than the note and interest. The mean average of the different estimates of the creditor's five witnesses, aggregates a total of $61,105, the one-ninth of which, or $6789.45, less the Caughey judgment, leaves the value of the interest conveyed, at $6189.45, or $249.87 less than the note and interest. The estimates of value were based not on cash sales but on the ordinary time sales without interest. The auditor sustained the exceptions, but charged the costs upon the fund in distribution. The creditors excepted to the report as sustaining the exceptions. Mrs. M. J. Bedell excepted to the report as erroneous in virtually imposing the costs on her while sustaining her exceptions. The auditor overruled the exceptions and the court confirmed the auditor's report. From the report and confirmation as sustaining the exceptions the creditors appealed; Mrs. M. J. Bedell also appealed both in respect that the report as confirmed imposes the costs upon her, and that the order of the court confirming the auditor's report is erroneous in that it omitted to set the sale aside and order the real estate to be re-sold unless the purchase-money was paid within ten days.

*R. & S. Woods* and *D. T. Watson*, for William Bedell and H. B. Sinclair.

*John R. Large* and *Joseph Forsythe*, for Mrs. Bedell.

The judgment of the Supreme Court was entered November 11th 1878,

PER CURIAM.—The facts in this case found by the auditor belonged peculiarly to the function of the auditor, and being found by the court we cannot correct the findings unless upon showing

[Appeals of Bedell *et al.*]

plain error. When the report is upon facts directly found upon the evidence, we have frequently said we ought not to set it aside except for reasons which would induce a court to set aside a verdict. We discover no such plain error here.

A deed from husband to wife is not void, if good in equity, and here the consideration moving from the wife being clearly established, the deed will prevail. The conduct of the wife was such here as to induce litigation, and this being the case the fund must bear the expense of payment of the costs. If the money be not paid into court within the time allowed by the Act of Assembly, the court below will make the proper order as to setting aside the sale.

> Decree affirmed, with costs of the appeal to be paid by the appellants in their respective cases, and the appeals are severally dismissed in the three cases argued at the same time.