Brown's Adm'r v. Mattingly, &c.

CASE 51—PETITION EQUITY—FEBRUARY 21.

## Brown's Adm'r v. Mattingly, &c.

APPEAL FROM MARION CIRCUIT COURT.

1. AN ADMINISTRATOR MAY PLEAD AS A SET-OFF AGAINST A DISTRIBUTEE'S INTEREST IN THE DECEDENT'S ESTATE THE DISTRIBUTEE'S INDEBTEDNESS TO THE ESTATE; and a creditor of the distributee who seeks to subject his interest has no greater right to resist such a set-off than the distributee himself would have; nor does an attachment by the creditor deprive the administrator of the right of set-off.

2. WHERE A CREDITOR SEEKS TO SUBJECT HIS DEBTOR'S INTEREST AS BOTH HEIR AND DISTRIBUTEE in the estate of a decedent, and the debtor's indebtedness to the estate, which is pleaded by the administrator as a set-off, exceeds his interest in the personal estate, the other heirs should be made parties, and allowed to plead the excess as a set-off against the debtor's interest in the real estate.

Whether the administrator would have the right to rely upon the set-off except to the extent of extinguishing the debtor's interest in the personal estate, is a question not decided.

SAM T. SPALDING FOR APPELLANT.

Brief not in record.

J. P. THOMPSON FOR APPELLEES.

This court has already decided that the estate descended to the nephew free from any lien for the debts due to the uncle, and the appellees having levied their attachments, will hold them against any other creditor where no lien exists.   The statute gives no lien, and the most vigilant in acquiring a lien by operation of law will be entitled as against those who fail to coerce payment.    (Scobee, &c., v. Bridges & Co., &c., 87 Ky., 430.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees by their separate actions, which, however, were tried together, attached the interest of J. A. Brown that he owned, as one of the heirs, in the personal and real estate of W. S. Brown, the appellant's intestate, to satisfy their claims against J. A. Brown.   J. A. Brown's co-heirs were not made parties to said action.   The appellant, as W. S. Brown's administrator, and J. A. Brown, by warning order, are the only defendants to said actions.

The appellant resists the right of the appellees to subject said interest upon the ground that J. A. Brown was at the time of W. S. Brown's death indebted to him in a larger sum than the value of said interests, which he relied upon as a set-off to the appellees' claims.

The lower court seemed to think that the appellant could not rely upon J. A. Brown's indebtedness to W. S. Brown's estate as a set-off to the appellant's demands, upon the ground, it is supposed, that the appellees, as creditors of J. A. Brown, obtained by their attachments a right to J. A. Brown's interest in said estate superior to that of the appellant as administrator.

It is well settled that an administrator may plead

as a set-off a distributee's indebtedness to his intestate's estate against the distributee's interest therein. Waterman on Set-off, page 234, sums up the rule as follows: "The right of the executor or administrator to retain, in such cases, depends upon the principle that the legatee or distributee is not entitled to his legacy or distributive share while he retains in his own hands a part of the fund out of which that and other legacies or distributive shares ought to be paid, or which were necessary to extinguish other claims on that fund. In other words, the legatee or distributee in such cases seeks to obtain a portion of the fund which the testator, or the letters of administration, have placed in the hands of the executor or administrator to pay debts and legacies or distributive shares; while such legatee or distributee is himself a debtor to the estate, and by withholding payment diminishes the fund to that extent. And it is against conscience that he should receive any thing out of the fund without deducting therefrom the amount of that fund which is already in his hands as a debtor to the estate."

It can not be doubted that had J. A. Brown sued for his distributive share of the personal estate in the hands of the appellant, the latter could have pleaded his indebtedness to the estate as a set-off; and it seems clear that the appellees, as creditors of said Brown, in seeking to subject his interest as distributee to their demands against him, have no greater right, as regards the appellant's right to a set-off, than J. A. Brown had. They, as such creditors, can subject his interest in said estate precisely as he

could have done; but their right is not superior to his as against the right of the appellant; and it is seen that said Brown's right is subject to the appellant's right to a set-off by the sum that said Brown was indebted to his intestate. Nor did the appellees acquire a superior right to that of the appellant by reason of their attachments. The appellant's plea of set-off is a defense that extinguishes Brown's right to any distributive share in the estate, and there is no saving in behalf of his creditors. Nor do their attachments give them an equity superior to the right of appellant, it existing at the time the attachments were obtained.

But it is said that the right of set-off by the administrator only applies to the extent of extinguishing the distributee's interest in the personal estate, and as the land descended directly to the heirs, it was right to sustain the attachments to the extent that they were levied upon J. A. Brown's interest in said land. It may be (a point, however, that we do not decide) that the appellant, as administrator, had no right to rely upon the set-off, except to the extent of extinguishing the distributee's interest in the personal estate. But it is clear that the distributee's interest in the real estate should be extinguished to the extent of the amount he has received from the ancestor, so far as it exceeds his interest in the personal estate. He stands in the attitude of having received so much from the estate, and if his distributive share in the personal estate is not equal to the amount thus received, the real estate ought to be held to be charged with the payment of the remainder in the division,

and he to receive that much less. This is the only equitable rule. Were it otherwise, the one heir might virtually get a double or a treble portion.

From what has been said the case must be reversed, with directions to overrule the demurrer, and to order the heirs to be made parties and allowed to defend, and for further proceedings consistent with this opinion.