## Penn Bank's Estate.    Walters's Appeal.

*Statute of limitations—Claim against assigned estate.*

A bank stated and delivered to a depositor his account showing a balance against him, and about the same time made a voluntary assignment for the benefit of creditors.   The depositor for more than six years acquiesced in the correctness of the account and made no claim until at the second audit of the assigned estate he presented a claim as creditor, asserting that the account rendered him was erroneous.   *Held*, that the statute of limitations had barred the right of action.

*Auditor's finding of fact—Conclusiveness thereof.*

An auditor found that it was not clear as matter of fact that there had been any mistake in the account rendered the depositor by the bank.   This finding of fact in the absence of plain error must be regarded as conclusive.

*Fraudulent bank deposit—Recovery—Public policy.*

Whether a plaintiff, who made checks and drew drafts at the request of a bank president to enable the latter to deceive an auditing committee, is forbidden by public policy from setting up the transaction as a basis of claim against the bank, not decided.

Argued Oct. 25, 1892.   Appeal, No. 330, Oct. T., 1891, by Jacob H. Walters, a creditor, from decree of C. P. 1 Allegheny Co., Sept. T., 1884, No. 23, confirming auditor's report distributing funds of assigned estate of Penn Bank.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Claim by depositor for alleged balance.

The facts as they appeared before Thomas D. Carnahan, auditor to distribute the assigned estate of the Penn Bank, are stated in the opinion of the Supreme Court.

*Errors assigned*, inter alia, were (1) affirmance of master's rejection of appellant's claim; (2) refusal of decree in favor of appellant; (1–5) refusal of appellant's exceptions to master's report.

*S. Schoyer, Jr.*, for appellant.—While an assignment does not stop the running of the statute of limitations in an action at law, yet assignee cannot set it up against a claim not barred at the time of the assignment: Reed v. Marshall, 90 Pa. 346; Milne's Ap., 99 Pa. 490.

*H. A. Miller*, with him *Isaac S. Van Voorhis*, for appellee.— The cases of Reed v. Marshall and Milne's Ap., cited by appellants, are overruled by Yorks's Ap., 110 Pa. 69, 77; Chapman's Ap., 122 Pa. 331; Keyser's Ap., 124 Pa. 80; Light's Est., 136 Pa. 211. These cases all hold that the statute may be set up as a bar to claims against decedent's estates. Every reason applicable to claims against decedent's estates applies with equal force to claims against an estate assigned for the benefit of creditors. The settlement of an assigned estate is no more a trust than the settlement of a decedent's estate.

OPINION BY MR. JUSTICE WILLIAMS, November 11, 1892:

The account of the appellant with the Penn Bank, appears to have been written up in May, 1884, in his individual bank book, and the book returned to him. It showed a balance of over nine thousand dollars due to the bank, and, among the items charged to him, was his check upon the bank for forty-three thousand two hundred and twenty-five dollars. About this time, the bank failed and made an assignment for the benefit of creditors. The assignee filed an account in May, 1885.

The fund raised by him was distributed by an auditor in November of that year. In November, 1890, a second account was filed by the assignee. Another auditor was appointed to make distribution, and, in 1891, the appellant appeared before him, claiming to be a creditor to the extent of thirty-three thousand nine hundred and forty dollars and thirty-nine cents. The books of the bank in the hands of the assignee, showed, as did his own bank book, that he was a debtor. It became necessary for him to establish the fact that the books did not show the true state of his accounts, and to do this he testified to the following facts: That on the last day of Decem-

ber, 1883, Riddle, the president of the bank, told him that an auditing committee was to examine into the condition of the bank on the following day; and that, to swell the assets, he wished the appellant to draw checks in favor of the bank, amounting to seventy-seven thousand four hundred and twenty-five dollars. To balance this sum, he was to draw checks upon the bank in favor of the Central Bank, on which his checks given to the Penn Bank were drawn, for the same amount. This he did. The result of this transaction was to swell the assets at once, while the checks upon the Penn Bank would not appear upon the other side of the ledger until they were returned from the clearing house. Meantime, the audit would have been made, the committee deceived, the directors misled as to the actual condition of the bank, and lulled into a mistaken sense of security. He further testifies that the checks in favor of the bank were not credited to him, but that one of the checks drawn upon the bank, to balance up the transaction, was charged to him. This check he seeks to have credited or dropped out of his account, and, if this should be done, it would leave a balance of about thirty-three thousand dollars to his credit.

The auditor heard the evidence upon this subject at length, including the testimony of the assignee and an accountant, who had carefully examined the books of the bank, and all the means of information which the papers in the hands of the assignee afforded. He rejected the plaintiff's claim for the following reasons:

First. If the position of the appellant was sustained by the weight of the evidence, nevertheless, as the transaction was a fraud upon the directors and creditors of the bank, which he was compelled to set up, and through which he must claim, public policy was in his way.

Second. That as the account was stated in his bank book and thus brought to his attention in 1884, and he had made no effort to correct the mistake, and assert his claim upon the bank, until 1891, the statute had run against him.

Third. If both these positions failed, the auditor was not able to say as matter of fact that the check had been improperly charged, or that he had not received credits to balance it in his account with the bank.

These conclusions have been concurred in by the court below. The third is a finding of fact, which, unless shown to be plain error, must be regarded as conclusive of the whole case. The second is a conclusion of law that we think was well drawn, and which, if we grant for the present that the first conclusion may be doubtful, must nevertheless be conclusive against the appellant's claim. The bank stated his account and delivered it to him. For more than six years he has acquiesced in its correctness. His right of action, assuming that he had one in May, 1884, is now lost by the lapse of time, and the auditor and the court below were right in denying his right to participate in the fund.

The judgment is affirmed.