# Donaldson's Estate.    Potter's Appeal.

*Auditor's findings of fact—Review.*

An auditor's findings of fact approved by the court below will not be reversed by the Supreme Court except for clear error.

*Partition—Charge upon land—Sheriff's sale—Notice.*

Where notice is given at a sheriff's sale of an interest of an heir in real estate, that the sale is subject to the equity of the payment of the heir's

debts to the decedent's estate, the equity of payment runs with the land, and in subsequent partition proceedings the amount of the debts of the heir may be charged upon the purpart allotted to the sheriff's vendee.

Argued Oct. 24, 1893. Appeal, No. 76, Oct. T., 1893, by R. J. Potter, from decree of O. C. Allegheny Co., Sept. T., 1890, No. 4, dismissing exceptions to auditor's report in partition in estate of Henry Donaldson, deceased. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and THOMPSON, JJ.

Petition for partition.

The case was referred to William M. McGill, Esq., as auditor, who reported the following facts :

Henry Donaldson died March 28, 1890, intestate, unmarried, and without issue, leaving both real and personal estate ; and leaving to survive him, as his heirs at law, two sisters, a brother William, and children of a deceased brother. Prior to this, William Donaldson had been indebted to R. J. Potter, which indebtedness had been in part reduced to judgment. Within a few days after the death of Henry Donaldson, R. J. Potter issued execution upon his judgment, and bought at sheriff's sale all the right, title and interest of William Donaldson in the real estate of Henry Donaldson, deceased, which interest was an undivided one fourth. It was claimed, however, by the other heirs, that at the time of Henry Donaldson's death, and for some years prior thereto, William Donaldson had been and was indebted to him ; and at the time of the sheriff's sale under the judgment of Potter, the question was raised by the other heirs of Henry Donaldson as to the right or equity of the estate to charge, against the share of William Donaldson, his indebtedness to the estate ; and with a view to the preservation of such right or equity, if any existed, notice was given at the sheriff's sale that the interest of William Donaldson was " to remain and be subject in the hands of the purchaser, and his heirs and assigns, in like manner and to like extent, as while in the hands of the said William Donaldson, to the right or equity, if any there be, of the estate of Henry Donaldson, deceased, to have charged against the said one fourth, as for an advancement, the indebtedness of the said William Donaldson to said estate." This notice was attached to the sheriff's return

of sale and made part thereof. Proceedings in partition were subsequently begun and carried forward, and in these proceedings Potter was recognized as the vendee of the interest of William Donaldson in this estate, and as such he appeared and bid in one of the purparts into which the real estate was divided.

The auditor, appointed to ascertain liens, etc., found that the evidence failed to establish that there had been a gift by Henry to William of the latter's indebtedness. He accordingly reported that the indebtedness was a lien upon William's share, and that this share passed to the sheriff's vendee, subject to the lien of these debts.

Exceptions to the auditor's report were dismissed by the court in the following opinion:

" (1) It cannot be said that the auditor committed plain error in his finding of facts. The witnesses were before him, and their credibility was for him. There is evidence to justify his finding. Assuming his finding to be correct, his conclusions of law follow logically. The share of William Donaldson is certainly subject to the equity of payment of his indebtedness to Henry Donaldson, through whom he derived title as heir.

" (2) The adjustment of the indebtedness in the present proceedings in partition is necessary to complete relief. That indebtedness is in fact a part of the estate of Henry Donaldson, deceased, and the sheriff's vendee of William Donaldson's share as an heir of Henry Donaldson in the land which is the subject of partition, bought expressly subject to the equity of its payment, and consequently bought what was left after its deduction. The equity of payment ran with the land, and its adjustment here is necessary to equality of partition. Even assuming personal liability for its payment, why resort to circuity of action? Armstrong v. Walker, 150 Pa. 585.

" The parties and the subject-matter are within the jurisdiction of this court, and that jurisdiction must be made effectual for complete relief: Shollenberger's Appeal, 21 Pa. 337."

Feb. 8, 1893, decree entered as recommended.

*Errors assigned* were in dismissing exceptions to auditor's report, quoting them; and in entering decree charging appellant's purpart with William Donaldson's debts to decedent's estate.

*W. P. Potter, Wm. A. Stone* with him, for appellant, cited: Yundt's Ap., 13 Pa. 575; Springer's Ap., 29 Pa. 210; Green v. Howell, 6 W. & S. 203; Grim's Ap., 105 Pa. 375; Patterson's Ap., 128 Pa. 276; Brightly's Eq. § 389; 1 Bouvier Law Dic. 92; Miller's Ap., 31 Pa. 337.

*Alexander Gilfillan, David Q. Ewing* and *Geo. W. Herriott,* for appellees, not heard, cited: High's Ap., 21 Pa. 287; Grim's Ap., 105 Pa. 375; Springer's Ap., 29 Pa. 210; Manifold's Estate, 5 W. & S. 340; Dickinson's Est., 148 Pa. 142.

PER CURIAM, November 6, 1893:

The learned auditor's findings of fact were not only approved by the court, but they appear to have been fully warranted by the evidence.

For reasons given in the opinion of the court below, the decree of February 8, 1893, was rightly made. Neither of the specifications of error is sustained.

Decree affirmed and appeal dismissed with costs to be paid by appellant.