Estate of Elizabeth DeWolff.. Appeal of Frances Florida Innes and James H. DeWolff, Executors of Elizabeth DeWolff, deceased.

*Practice, C. P.—Conclusiveness of auditor's report—Trusts and trustees.*
When an auditor's report on the account of a trustee has been reviewed on exceptions and approved by the court below, the Supreme Court will not reverse the decree confirming the report, unless clear mistake, misconduct or manifest error be shown.

Argued Jan. 13, 1897. Appeal, No. 481, Jan. T., 1896, by Frances Florida Innes et al., executors, from order of C. P. No. 1, Phila. Co., assignees and trustees' docket, 1866, No. 3, overruling exceptions to auditor's report. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of James L. Miles, Esq., auditor.
The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to auditor's report.

*R. L. Ashhurst*, for appellants.

*A. H. Wintersteen*, with him *Geo. Tucker Bispham*, for appellee.

PER CURIAM, May 10, 1897 :

In May, 1838, Miss Elizabeth Byerly, afterwards Mrs. De-Wolff, conveyed all her real and personal estate to Samuel and Tobias Wagner in trust for the purposes specified in her deed. In 1866 the trustees filed their account which was duly confirmed by the court; and thereupon they resigned the trust, and the Girard Life Insurance Annuity and Trust Company, the appellee, was substituted in their stead.    Afterwards, the cestui que trust, Miss Byerly, married George B. Innes who predeceased her.    By him she had one child, Frances B. Innes, one of the appellants.    Subsequently she married Erastus DeWolff who also predeceased her.    By him she had one child, James H. De-Wolff, the other appellant.    On February 22, 1894, Mrs. De-Wolff died testate, and by her last will gave one half of her estate to her daughter, and the remaining half to her in trust for her son James H. DeWolff; and appointed said son and daughter executors of her will.

During Mrs. DeWolff's lifetime no regular account was filed by the substituted trustee, but at regular intervals from 1866 until her decease she was furnished with statements of the management of the trust and received from the substituted trustee the net income accruing therefrom.    Shortly after her decease, at the request of the appellants, her executors, etc., the substituted trustee's account was filed, and due notice was given as directed by the court that the same would be allowed on Saturday, July 14, 1894, unless cause be shown to the contrary. Appellants and their then counsel, Mr. Turner, were furnished with a copy of the account and afforded every facility for inspection of the trustee's books and vouchers.    At Mr. Turner's request, after conference with his clients, the account for filing was prepared by omitting therefrom the income accounts prior to Mrs. DeWolff's death, and it was accordingly filed in its present shape.    This was done with the view of effecting a

speedy settlement and avoiding the delay and expense of reference to an auditor. On September 14, 1894, no exceptions having been filed, the account was duly confirmed and distribution ordered.

Nearly two months thereafter, on the petition of these appellants, a rule was granted on the substituted trustee to show cause why the decree of September 14, 1894, confirming its account, etc., should not be opened and the account referred to an auditor. This was resisted by the trustee's answer, questioning the right of the petitioners to thus interfere, and denying the allegations of fact on which the rule to show cause was grounded; but the matter was so proceeded in that, on March 7, 1895, the rule was made absolute, and five days thereafter the account was referred to the learned auditor who in March of the following year reported in favor of the substituted trustee, on every material question properly before him. To that report thirty-four exceptions were filed by appellants, one to the exclusion of evidence, sixteen to the learned auditor's findings of fact, and the remaining seven to his conclusions of law. Referring to these in his supplemental report, the auditor says : " He has carefully examined the said exceptions and the matters therein mentioned, but has failed to find anything which alters his opinion as heretofore expressed, or which should cause him to change his findings of law or fact." Afterwards, upon due consideration of the report and the exceptions thereto, the latter were dismissed by the court and the former was confirmed. On this appeal from that decree the same exceptions are made the basis of the thirty specifications of error now before us. It is of course unnecessary to consider these in detail, because nearly all of them relate more or less directly to one or other of the following subjects of complaint.

1. Refusal of the court below to surcharge the trustee with the alleged difference between the value of the trust estate's share in No. 711 Sansom street and the amount realized therefrom in the partition, viz : $1,000 with interest from February, 1879.

2. Refusal to surcharge the trustee with $832.73, difference between the appraised value of eleven shares of the Planter's Bank of Tennessee and the amount realized therefrom, with interest from January, 1867.

3. In not surcharging the trustee with interest on the whole fund, because no income account was submitted upon the call of appellants.

4. Alleged excessive and improper charges upon the fund in connection with the confirmation of the trustee's account and the contest before the auditor.

These several subjects of complaint, so ably and forcibly presented and pressed upon our attention by the learned counsel for appellants, depend almost entirely on questions of fact which were determined adversely to his clients by the auditor, whose findings of fact as well as conclusions of law were reviewed on exceptions and approved by the court below. Nothing is better settled by a long line of cases (among which are, Bedell's Appeal, 87 Pa. 510; Logue's Appeal, 104 Pa. 136; Lewis's Appeal, 127 Pa. 127; Penn Bank's Estate, 152 Pa. 65; Prouty v. Prouty et al., 155 Pa. 112; Donaldson's Estate, 158 Pa. 292; Stevenson Co. v. Sample, 174 Pa. 165; Hughes' Estate, 176 Pa. 387), than that such approved findings of fact as this record presents are conclusive unless clear mistake, misconduct or manifest error be shown. A careful examination of the record has failed to disclose the existence of either of these in this case, or any other ground that would warrant a reversal or modification of the decree for error in any of the findings of fact or conclusions of law.

In view of the conclusive effect that should be given to such approved findings of fact, special reference to the testimony bearing on either of the questions involved would consume time to no useful purpose. We find nothing in the record to indicate anything like the want of good faith on the part of the substituted trustee in its administration of the trust. Nor is there anything in the facts or circumstances of the case, as we gather them from the record, that would justify us in sustaining any of the specifications of error. We are all of opinion that the decree should not be disturbed.

Decree affirmed and appeal dismissed at appellant's costs.