## Rice v. Bradley's Trustee, et al.

(Decided May 28, 1914.)

### Appeal from Scott Circuit Court.

1. Personal Representatives—Trustees—Lien on Estate of Distributee—Waiver of Lien.—A personal representative or trustee has a right to set off a distributee's indebtedness to the estate against the distributee's interest therein, and this right will prevail over the right of a creditor who has a mortgage or other lien on the distributee's interest, and this lien is not lost by the fact that the trustee takes additional security from the distributee.

2. Trustees—Cannot Waive Lien on Distributee's Interest to the Prejudice of the Estate.—A trustee has no authority to waive his lien on his distributee's interest to the prejudice of the estate and the benefit of a creditor of the distributee.

TOMLIN & VEST for appellant.

BRADLEY & BRADLEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In this suit by his .trustee to settle the estate of A. S. Bradley, the appellant, Mrs. Rice, came into the case by a petition in which she asserted a lien on the interest of J. N. Bradley, one of the legatees of the estate. In one clause of his will the testator provided that upon the death of certain' named legatees his estate should be divided into ten equal parts and distributed between ten named legatees. He further directed his executor to sell and dispose of any real estate of which he died possessed, and to reinvest the proceeds in other real estate or in safe securities. V. F. Bradley was nominated as executor and trustee, and upon his death in 1908, J. Craig Bradley was appointed trustee.

It is conceded that the estate in the hands of the trustee is to be treated as personal estate, and the rights of the parties to this controversy determined upon that basis.

It appears that in 1895, two years before the death of A. S. Bradley, J. N. Bradley executed to him a note for several thousand dollars, and in 1898, after V. F. Bradley was appointed trustee, J. N. Bradley took up this old note and executed another note to V. F. Bradley as trustee for the balance due on the old note, and secured the same by a mortgage on some real estate. Payments from time to time were made on this note by J. N. Bradley, but when this suit was brought to settle the estate of A. S. Bradley, there was a balance remaining on the note of J. N. Bradley, and he had no estate out of which to pay it, and the trustee seeks in this suit to charge what is coming to him from the estate of A. S. Bradley with the payment of this debt.

It further appears that in 1903 J. N. Bradley executed a mortgage on his interest in the estate of A. S. Bradley to the appellant, Mrs. Rice, as security for any indebtedness that might be due her, and she claims that by virtue of this mortgage she has a lien on the interest of J. N. Bradley superior to the lien of the trustee, and that her indebtedness should be first satisfied.

The lower court, on the pleadings, held that the interest of J. N. Bradley in the estate of A. S. Bradley should be first applied to the payment of J. N. Bradley's indebtedness to the estate and adjudged that the lien of Mrs. Rice to secure her indebtedness by virtue of the

mortgage was subordinate to the lien of the trustee, and it is from this judgment that Mrs. Rice appeals.

In Brown v. Mattingly, 91 Ky., 275, it was decided that the personal representative had a right to set off a distributee's indebtedness to his intestate's estate against the distributee's interest therein, and that this right would prevail over the right of the creditor who had attached the distributee's interest; so that unless there are exceptional circumstances to take the claim asserted by Mrs. Rice out of this general rule, the judgment of the lower court was correct.

Counsel for Mrs. Rice, while recognizing the correctness of the rule laid down in Brown v. Mattingly, argue that it is not controlling authority in this case for several reasons: It is said that the money she advanced was used in making payments upon the indebtedness of J. N. Bradley to the estate; that the trustee recognized the validity of her mortgage as a superior lien on the interest of J. N. Bradley; that by taking a mortgage upon property owned by J. N. Bradley the trustee waived his right to a lien upon the interest of J. N. Bradley; and furthermore, that she was lulled into security and prevented from sooner seeking to collect her indebtedness from J. N. Bradley by the belief that the mortgage taken by the trustee amply secured the indebtedness of J. N. Bradley to the estate, and therefore her lien on his interest in the estate should be prior to the lien asserted by the trustee.

We cannot agree with counsel that the fact that the trustee, as additional security, or for better protection of the estate, took a mortgage upon other property owned by J. N. Bradley, deprived the trustee of his right to also look to the lien created by law upon the interest of J. N. Bradley to secure his indebtedness to the estate. A creditor who has a lien to secure a debt is not precluded from taking other steps to secure it, and the fact that he takes other steps does not work a surrender of his right to his original lien. He may take as many liens as he pleases and secure his debt in as many ways as he can without prejudicing his right to look to all of them for security, and the creditor of a debtor who has a junior lien has only a right to ask that the creditor with the senior lien on several pieces of property shall exhaust his liens on the property not pledged to the junior creditor. In this case the trustee exhausted his mort-

gage security and is only seeking to subject the interest of J. N. Bradley in the estate to what remained of his indebtedness after applying to it the proceeds of the mortgage.

Nor do we think that the mere fact that the money advanced by Mrs. Rice was applied by the debtor in part payment of his debt to the estate had the effect of postponing the right of the trustee to assert his lien on the interest of J. N. Bradley in the estate until the debt of Mrs. Rice was paid. Clearly the fact that a creditor advances money to a debtor that is used by the debtor in satisfying in part a superior lien on his estate, does not give to the creditor advancing the money a lien prior to the lien of the original creditor for the balance of his debt.

It is further said that the trustee, V. F. Bradley, waived his right to a superior lien upon the interest of J. N. Bradley by consenting that the lien of Mrs. Rice should be superior. We do not think so. In dealing with the trust estate V. F. Bradley had no authority to waive his lien to the prejudice of the estate and to the benefit of Mrs. Rice. But aside from this, it appears from the pleadings that all that V. F. Bradley did was to recognize the validity of the mortgage of Mrs. Rice and to consent that she did have a mortgage on the interest of J. N. Bradley in the estate, and we are unable to perceive how the mere fact that the trustee consented that Mrs. Rice might take a mortgage on the interest or the mere fact that he had knowledge of her mortgage and recognized its validity as a mortgage, would have the effect of establishing it as a superior lien on the estate.

Under the facts of the record, Mrs. Rice occupies the place of a junior mortgagee, and as the lower court so adjudged, the judgment is affirmed.