# Hamilton Estate.

*Partition — Decedents' estates — Orphans' court jurisdiction — Land acquired by exchange after decedent's death—Appeals—Act of June 7, 1917, P. L. 337, 355—Distribution of personalty—Trusts and trustees.*

1. The orphans' court has jurisdiction, in awarding partition of the real estate of a decedent, to include land which vested in the estate after decedent's death, where it appears that such land had been acquired by exchange for land of which the decedent died vested, and that there had been merely the transfer of one piece of land for another, without the use of any trust funds of the estate.

2. The Act of June 7, 1917, section 43, P. L. 337, 355, allows an appeal from a decree of the orphans' court awarding partition.

3. Where an account of a trustee of a trust fund including real and personal estate has been filed, and before distribution of the personal property, partition has been awarded of the real estate, the distribution of the personal estate will be held in abeyance, until the partition proceedings are consummated, when the entire trust estate will be before the court, and the rights and equities of the parties can then be adjudicated.

Argued October 11, 1922. Appeal, No. 118, Oct. T., 1922, by Charles Lee Hamilton, a cestui que trust, from decree of O. C. Allegheny Co., June T., 1920, No. 3, awarding partition, in estate of Samuel Hamilton, deceased. Before FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for partition. Before TRIMBLE, J.

The opinion of the Supreme Court states the facts.

Partition awarded. Charles Lee Hamilton, a cestui que trust, appealed.

*Error assigned* was decree, quoting it.

*Watson B. Adair,* for appellant.—The orphans' court has no jurisdiction in partition of real estate including land of which the decedent never had title, seisin or possession, but which was acquired long after his death by the trustees appointed by his will: Downer v. Downer, 9 Watts 60; Romig's App., 8 Watts 415; Small's App., 23 W. N. C. 20; Wistar's App., 105 Pa. 390.

*Thomas M. Marshall, Jr.,* with him *Reed, Smith, Shaw & Beal,* and *George De Witte Wick,* for appellees.—The partition act should be liberally construed: Rankin's App., 95 Pa. 358; DeWitt v. DeWitt, 202 Pa. 255.

*Arthur O. Fording,* for W. C. Hamilton, appellee.

OPINION BY MR. JUSTICE WALLING, January 3, 1923:

This is a proceeding in the orphans' court for a partition of the real estate of the late Samuel Hamilton, of Pittsburgh, who died in 1908, testate. His last will, duly probated, contains a number of specific legacies and places the residuary estate, both real and personal, of the approximate value of eleven hundred thousand dollars, in a trust for ten years, and makes his eight children the beneficiaries in equal shares. His sons, William Clarke Hamilton and Charles Lee Hamilton and the Safe Deposit and Trust Company of Pittsburgh (now Peoples Savings & Trust Company of Pittsburgh) were appointed and qualified as executors and trustees under the will, which provides, inter alia, that, "They [the trustees] shall collect the rents, issues, income and profits from my estate; control and manage my estate; let and demise the real estate; invest and reinvest such portion of my estate as may be convenient and wise. I hereby authorize and empower my executors and trustees to lease or sell in fee simple, or for a less estate, on such terms and for such prices as they deem fit and proper, any portion of my estate and to make good and sufficient deed of conveyance for any such real estate to the purchaser, without liability on the part of such purchaser to see that proper application of the purchase money therefor, or any part thereof, is made. I also empowered my executors and trustees to improve my real estate, or any real estate they may subsequently acquire, as they may deem advisable and proper; and, for the purpose of constructing buildings and making improvements thereon they may mortgage such portion of the real estate as they may deem proper.....Provided, however, that prior to the sale or purchase of any real estate, of the mortgaging of any real estate, or the construction of new buildings thereon or any substantial improvement of the real estate, I direct my executors and trustees to consult the beneficiaries herein, and such sale, mortgage, purchase, building or improvement shall not be made without the con-

sent in writing of seventy-five per centum (75%) in interest of the whole number of beneficiaries herein "

The two sons above named were in business with their father in the S. Hamilton Company, a corporation having capital stock of the par value of $250,000, of which the testator owned $194,800, and the two sons $55,000. The will places a value of $160,000 on the father's stock and directs the executors to sell the same to the two sons for that amount and to accept in payment a judgment note of $80,000, with interest, from each son. That transaction was consummated accordingly and the two notes inventoried as part of the estate in the appraisement of both the real and personal property, which the will directs to be made and which was made shortly after testator's death.

A majority of the estate consisted of land and, in adjusting the boundaries of one property, the trustees exchanged a narrow strip on one side for a piece of like size on the other side; and on the sale of one piece of land they took another piece in part payment.

The ten-year trust period expired in 1918, after which the trustees filed a final account, but owing to exceptions thereto, etc., no final order of distribution of the personal estate has been made, and the real estate is still managed by the trustees, never having been formally transferred to the beneficiaries.

In 1920, six of the children, being all except the two sons above named, petitioned the orphans' court to award an inquest to make partition of all the real estate embraced in the trust, including that acquired as above stated after testator's death. The trustees, also the two sons individually, filed answers to the petition, to which replications were filed. The sons question, inter alia, the extent of liability on their $80,000 notes, but no adverse claim of title or possession is set up to any part of the real estate, nor does any party hereto claim a lien upon it. The orphans' court found that each of the eight children was the owner of one-eighth part of the real estate

and ordered and decreed that a partition thereof be made, and, on the nomination of the parties, appointed commissioners for that purpose; from this order and decree Charles Lee Hamilton has appealed.

The case is properly before us as the statute (section 43, Act of June 7, 1917, P. L. 337, 355) expressly allows an appeal from a decree awarding partition. The controlling question is, The power of the orphans' court to award partition of real estate, the title to a part of which vested in the estate subsequent to testator's death. That court sustained its right to do so on the authority of De-Witt v. DeWitt, 202 Pa. 255, the gist of which is correctly stated in the syllabus, viz: "A widow, in her bill for an account of the rents, issues and profits of the real estate of her deceased husband, and for the assignment of her dower, has a right to include property of which her husband had not died seized, but which had been conveyed to his estate years after his death in consideration of 'other property deeded' to the grantors." That principle would seem to apply here, under the facts of this case, which was not the purchase of land for the estate with trust funds, but merely the transfer of one piece of land for another in which the latter took the place of the former as a part of testator's estate and may be so treated for the purpose of partition. If so, the case falls properly within the jurisdiction of the orphans' court (see clause h, section 9, Act of June 7, 1917, P. L. 363, 372; also Act of June 7, 1917, P. L. 339) ; land to be there partitioned must be of the decedent's estate, but recent statutes do not say he must have died seized thereof.

We agree with the court below that the distribution of the personal estate may properly be held in abeyance until the present partition proceedings are consummated, when the entire trust estate will be before the court and the rights and equities of the parties can be adjusted and final allotment and distribution made of the entire estate: see Donaldson's Est., 158 Pa. 292.

The decree is affirmed at the costs of appellant and the record is remitted with a procedendo.