NOONAN VS. McNAB, impleaded.

30 277
76 408

PARTNERSHIP: (1, 2.) *Effect of stipulation against sale of partner's interest.* (3.) *Effect of assignment of interest of former partner.* (4.) *Interference with receiver not allowed.*

1. A stipulation in articles of copartnership that neither party shall, without the other's written consent, sell or assign his interest in the copartnership, or in any property thereof—*held*, to restrict the *jus disponendi* only during the continuance of the copartnership, and not after its dissolution and the appointment by the court of a receiver of the partnership property.

2. The articles not providing for the continuance of the partnership for any specified time, it must be presumed that the object of the stipulation was to prevent a dissolution by such a sale or assignment by one partner without the other's consent.

3. The fact that an assignment of the interest of one of the former partners was made to a person with whom the firm had been engaged up to that time in a protracted litigation, will not justify a different construction of said stipulation, or an interference by the court to prevent the sale; especially as the stipulation was made long before such litigation was commenced.

4. Neither of the former partners can interfere with the receiver in winding up the partnership business; nor can the assignee of one of them do so.

APPEAL from the Circuit Court for *Milwaukee* County. Appeal from an order sustaining defendant's demurrer to the complaint. The facts are fully stated in the opinion.

*Jason Downer*, for appellant.

*J. J. Orton, contra.*

COLE, J. The main purpose of this action seems to be to rescind and set aside sales and transfers made by the defendant, McNab, of his share or interest in the property and assets of the firm of Noonan & McNab, which it is alleged he has made to his co-defendant, Orton, and further to compel McNab to specifically perform a certain covenant in the articles of copartnership of Noonan & McNab, in and by which he agreed not to sell his share or interest in the property of the firm,

without the consent in writing of the plaintiff first being obtained. It appears from the statements made in the complaint, that Noonan and McNab entered into a copartnership in the fall of 1850, for the purpose of establishing a paper mill, and for manufacturing and dealing in paper; that this copartnership continued until the 2nd day of June, 1870, when McNab brought his action in the Circuit Court of Milwaukee county against Noonan, to dissolve the partnership and close up its affairs; and that a receiver of the partnership property was appointed in that action. It is alleged and stated that soon after this action was brought by McNab against Noonan for the dissolution of the partnership, McNab sold and transferred to his co-defendant, his share or interest in the property of the firm of Noonan & McNab, without the consent of the plaintiff in writing or otherwise. This, it is claimed, was a clear violation of his covenant in the articles of copartnership, and that upon the facts stated in the complaint, a court of equity will interfere and rescind the sales and grant the relief demanded.

The complaint was demurred to by each defendant, and the court sustained each demurrer in separate orders. And therefore, the question necessarily presented is, whether the complaint states a cause of action entitling the plaintiff to the relief he asks against this defendant. We are of the opinion that it does not.

The stipulation in the articles of copartnership, which it is claimed the defendant McNab has violated, and which it is sought to have specifically enforced, was to the effect that neither partner should, without the consent of the other, obtained in writing, sell or assign his share or interest in the copartnership or in any copartnership property, to any person whatever. And the question arises, what was the object and purpose of this stipulation, and how far was it intended to restrict the rights and power of the partners in disposing of their respective interests in the property of the firm? Was it intended to prohibit a partner, after a dissolution, and after the property of

the firm had gone into the hands of a receiver, from selling any interest which might belong to him when the partnership concerns were fully settled; or was it only intended to prevent a sale during the existence of the partnership? If it was merely intended to regulate the conduct and restrict the rights of the partners during the life of the partnership, and to prevent a sale by one of the partners which would work a dissolution of the firm, then we think it clear that it has no application to a sale made under the circumstances stated in the complaint.

In the opinion filed by the chief justice, on the motion for a rehearing in the case of *Noonan & McNab v. Orton*, where McNab is seeking to withdraw from that suit, and to discontinue it, so far as he is concerned, there is a reference to this covenant and a strong intimation as to its proper meaning and effect. The intimation is, that this covenant was merely intended to regulate the action and control the rights of the partners while the partnership was in existence, and to prevent a dissolution by the act of one partner selling or assigning his interest in the firm. And a doubt is expressed whether it can legitimately and fairly have a broader scope and effect. It was not necessary to decide the point in that case, but we have no doubt that the intimation there given as to the construction and effect of this stipulation is correct, and that it was not intended to apply to a sale made by a partner of a residuary interest after dissolution. The stipulation is in restraint of *jus disponendi* — of the right which every man has of disposing of his property as he may think his interests dictate — and no satisfactory reason has been suggested why it should have a wider application than to restrict the right of a partner from selling or assigning his interest or share in the partnership property while the firm continue to do business, and in that way working a dissolution. It does not appear that this partnership was to continue for any particular period, and therefore it would have been competent for either partner, in the absence of such a stipulation, at any time to have dis-

solved the partnership by selling or assigning his share in the partnership to a third person, and the manifest intent of the agreement was to prevent this from being done. But after dissolution, and when the property and assets of the firm have gone into the hands of a receiver for final settlement, the object of the stipulation has been fulfilled. Of course, all that a partner can then sell is his residuary interest after the discharge and payment of the debts and liabilities of the partnership, and after the shares of the partners have been adjusted among themselves. It appears that it is his interest in this surplus after final settlement and distribution which McNab has attempted in this case to sell to Orton, and we do not think there is anything in this stipulation which prohibits him from making such a sale. It is unreasonable to suppose that the parties intended the stipulation to restrict their rights and power over their respective interests in the partnership property after dissolution. They were providing limitations and restrictions applicable to their acts, powers and rights over the partnership property during the existence of the firm, and this particular stipulation was intended to prevent a dissolution by one partner selling his interest without the consent of the other. This, we think, was the real object of the stipulation in the copartnership agreement, and that no other effect or scope can be given to it.

It is said by the counsel for the plaintiff, that there are extraordinary circumstances connected with the case presented in the complaint — important and protracted suits pending between the firm and the defendant Orton — that this sale will greatly embarrass and complicate this litigation and prevent the plaintiff from prosecuting it to a successful issue; and that while it appears that the firm is dissolved in form and its property in the hands of a receiver, yet for certain purposes the partnership continues, and that the design of this stipulation was to secure good faith between the partners, and to secure the services of each partner in matters pertaining to the firm until the suits for and against it were finally determined and the

partnership property disposed of — its proceeds distributed to its creditors or divided between the partners. We have already said the object of the stipulation evidently was to control and regulate the rights and powers of the partners during the life of the partnership, and we see no reason for giving it a wider application on account of the existence of these extraordinary circumstances. We must apply to this stipulation the ordinary rules of construction in order to ascertain the real intention of the parties who made it. Is it a supposable case that they anticipated this litigation, or the unusual circumstances which have arisen since 1852, and therefore framed this particular agreement with reference to those matters? It seems to us not. The effect of the stipulation is to be determined by ascertaining, if possible, the matters and acts to which the parties at the time intended it to apply. If its object was merely to prevent either partner from selling his interest in the partnership property without the consent of the other, then this effect alone can be given to it. If it is the duty of McNab to do nothing which will embarrass and prolong the litigation pending between the firm and Orton, and to render all the aid in his power to carry it on, that duty does not spring from this covenant. And it is upon this covenant that the plaintiff founds his claim for relief.

Besides, if the court upon any ground could interfere and set aside the sales made by McNab to Orton, we cannot see that it would be of any practical benefit to the plaintiff. It could not compel McNab to continue the litigation against Orton, or bestow his services, money and attention in carrying it on. Orton cannot interfere with the duties and rights of the receiver, or with any partnership property in his hands, in consequence of any interest he has acquired by these sales. For upon the facts stated, he only acquired whatever interest McNab might have in the partnership assets after all the debts and liabilities of the firm are discharged. It appears that a receiver has been appointed to take possession of the partnership property, and

the law makes it his duty to wind up the partnership business. There is no complaint that either McNab or Orton has interfered with the receiver, or attempted to take any of the partnership property out of his possession. True, it does appear that McNab declines to aid the plaintiff in any way in prosecuting the pending litigation between the firm and Orton, but has agreed to help and aid Orton all he can in defeating those suits. This he might continue to do if the sales made by him to Orton were rescinded and set aside.

The complaint in this case is framed with a double aspect. In case the plaintiff is not entitled to have the sale set aside and the covenant above mentioned specifically performed, the plaintiff then demands judgment against McNab for the damages he has sustained by reason of the breach of the covenant not to sell his interest. From the view we have taken of the object of this stipulation, it follows that there has been no breach of this covenant.

For these reasons we think the order sustaining the demurrer of the defendant, McNab, to the complaint, must be affirmed.

*By the Court.* Ordered accordingly.