[No. 13312. Department One. — January 8, 1890.]

## JOSEPH SCHURTZ, RESPONDENT, v. MAX ROMER, APPELLANT.

PARTNERSHIP — PAROL SALE OF PARTNER'S INTEREST TO THIRD PERSON — BILL OF SALE INCLUDING COPARTNER — LIABILITY FOR CONSIDERATION — ASSUMPSIT. — When a partner sells his interest in the partnership to a third person, under a parol agreement for a certain cash price, and the assumption of one half of the firm liabilities by such third person, not to exceed a certain sum, and a written bill of sale is executed purporting to sell such interest to such third person and another copartner jointly for the same cash consideration, and the assumption by them of all the firm indebtedness not exceeding the same sum, such third person cannot escape liability in an action of *assumpsit* for the consideration, upon the ground that he had not obtained the interest bargained for, if there is no attempt to reform the instrument. The question of the extent of interest as between the purchaser and the other partner can only be considered when it arises, if ever, between them.

ID. — PAROL EVIDENCE — WRITTEN CONTRACT — MERGER OF ORAL NEGOTIATIONS. — A written instrument supersedes all antecedent negotiations, and by it the parties are bound rather than by any conversations which preceded it, if it is not sought to reform the instrument or to resolve an ambiguity.

ID. — ACTION FOR DISSOLUTION AND ACCOUNTING OF PARTNERSHIP — SALE OF PROPERTY IN HANDS OF RECEIVER. — The fact that the partnership property in question was in the hands of a receiver at the time of the sale, pending a suit for dissolution of the partnership and for an accounting, did not prevent the sale of the interest of one the parties, the other party consenting to such sale; nor did it prevent the receiver from restoring it to the parties in interest, or to such third person as they should direct, upon a settlement of their dispute, especially when his act in so doing was approved by the court and he was regularly discharged. Even if the receiver had retained possession, the sale of one partner's residuary interest in the property would be valid and binding.

ATTORNEY AND CLIENT — EVIDENCE — PRIVILEGED COMMUNICATION — IN-
SUFFICIENT OBJECTION — WAIVER. — On the examination of a witness
who has testified that he was the attorney for the defendant in another
matter, and had acted as his friend in respect to the transfer of property
in question, without a retainer, an objection merely denying the consent
of the defendant for the witness to testify as to what occurred with re-
lation to the negotiations, or the part that he took in the negotiations of
the sale, prior or subsequent to its date, is too general to avail the defend-
ant. If there was any merit in the objection, its force is destroyed by
the subsequent testimony of defendant that the witness was not his at-
torney in respect to the sale.

APPEAL from a judgment of the Superior Court of
Los Angeles County, and from an order denying a new
trial.

Upon the trial of the case, the counsel for defendant
Romer objected to the examination of the witness Gotts-
chalk, who had testified that he was attorney for Romer
in another matter, and had acted as his friend in re-
spect to the transfer of property in question, without a
retainer. The objection was stated as follows: " We now
claim and deny the consent of Max Romer for Mr. Gotts-
chalk to testify in this case as to what occurred with re-
lation to the negotiations, or the part that he took in the
negotiations of this sale prior to, or on, or subsequent to,
the 12th of May, 1888." The further facts are stated in
the opinion of the court.

*Gage & Robarts*, for Appellant.

*Wells, Guthrie & Lee*, for Respondent.

Fox, J.—The action is *indebitatus assumpsit*, by the
plaintiff Schurtz against the defendants Romer and
Kerkow. Judgment for plaintiff, motion for a new trial
denied, and this appeal is taken by the defendant Romer
from the judgment and the order denying the motion
for new trial.

On a separate appeal taken by the defendant Kerkow,
81 Cal. 244, this court held that the findings were suffi-

cient to sustain the judgment. As to the defendant Romer, there was a cross-complaint asking for affirmative relief, to which there was an answer, raising issues not directly raised under the answer of Kerkow. But as to those issues the court has also fully found, and we are still of opinion that upon all the issues the findings are sufficient to support the judgment. The case will therefore be considered upon the question of whether the evidence supports the findings, and upon the assignment of errors of law.

The facts in the case, briefly stated, are these: The plaintiff Schurtz and the defendant Kerkow were partners, carrying on a saloon and restaurant business at Los Angeles, known as the Vienna Bouffet, under the firm name of Kerkow & Schurtz. The partners fell out, and a suit was brought by Kerkow against Schurtz for a dissolution of the partnership, in which a receiver was appointed to take charge of the business and property of the partnership pending the litigation. While the receiver was in charge, the defendant Romer opened negotiations, with the approval of Kerkow, to buy out the interest of Schurtz. This negotiation was carried on through a third party, Romer not allowing himself to be publicly known in the matter until about the time of its consummation. It culminated in a parol agreement, or rather in a proposition, to buy the Schurtz interest at the price of four thousand dollars cash, and to assume the payment of one half the debts of the old firm, they being estimated at and not to exceed the sum of five thousand dollars. It does not appear, and the court does not find, that there was any representation or guaranty that the debts of the concern did not exceed that amount, but that was the limit of the amount for which Romer was to assume the payment of one half.

Negotiations having reached this point, the parties all met to prepare the necessary papers and complete the transaction. A bill of sale was prepared in writing, in

form running from Schurtz to Romer, but a question arose as to the liability for the other half of the indebtedness, and, as a result of the conversation then had with all the parties, the counsel of Schurtz and Kerkow, and the active agent of Romer present and participating, the paper was changed and made to read, and was executed by all three of the parties, as follows:—

"Los ANGELES, May 12, 1888.

"For and in consideration of four thousand dollars, and the assumption of the liabilities of the indebtedness of the firm of Kerkow & Schurtz to the sum not exceeding five thousand dollars, I hereby sell, transfer, and assign unto Max Romer and F. Kerkow, all my right, title, and interest in and to my interest in the firm of Kerkow & Schurtz, and the business conducted by them known as the Vienna Bouffet, and situate at the corner of Main and Requena streets, city of Los Angeles. And I agree to assign to said Romer and Kerkow my right and interest in and to the lease of above premises, and hereby do assign the same. The schedule of liabilities of Kerkow & Schurtz hereunto attached is the basis of said settlement, and is regarded as nearly correct in the absence of the books and better evidence.

"JOSEPH SCHURTZ. [Seal.]
"MAX ROMER.      [Seal.]
"F. KERKOW."      [Seal.]

To this instrument was attached a schedule of liabilities amounting to the sum of $5,248.

Romer informed Schurtz at the time that his money was in Chicago, and that he would have to wait for it about twelve days, as it would take about that time to send for it and get returns; but he paid Schurtz $100 on account, and thereupon the parties all repaired to the Vienna Bouffet, where the receiver was in charge with a constable, also claiming to be in possession under a writ of attachment. The constable was given security for his

money, and departed.  Counsel on both sides in the suit of Kerkow against Schurtz then informed the receiver that the matter had been settled by a sale of Schurtz's interest to Romer, settled with him as to the measure of his compensation, and directed him to surrender the possession to Romer, which was done, and in due time thereafter the receiver was discharged by order of court. The keys were given up to Romer, and after a little time spent in drinking and congratulations, Romer handed the keys to Kerkow, it then being late at night, and the parties departed, Romer having been first introduced to the employees about the place as the new proprietor.

This was late on Saturday night.  On Monday, it seems, some one had told Romer that under his bill of sale he got only a one-fourth interest in the business, and thereupon he refused, and has ever since refused, to pay the balance of the purchase price, and it is for the recovery of such balance, with interest, that this action is brought.

These are substantially the facts as shown by the pleadings and evidence, and found by the court.  It may be that there is an ambiguity as to the extent of the interest which Romer will take under this paper, but it is not sought to reform the instrument, or to determine the question of the extent of such interest in this action.  It will be time enough to consider that question when such a question arises, if ever, between Romer and Kerkow.  There is no ambiguity as to the fact that Schurtz sold his interest for the sum of four thousand dollars, and no dispute that only one hundred dollars of that sum has been paid.  We think there can be no doubt that under the instrument Romer became liable for that balance, whether severally or jointly and severally with Kerkow makes no difference on this appeal.  The written instrument supersedes all antecedent negotiations, and by it, rather than any conversations which preceded it, the parties are bound. (Civ. Code, sec. 1625.)  The evidence of the appellant

conflicts somewhat with that of the other witnesses as to what occurred at the time of the delivery of possession, but we have read the entire evidence with care, and we cannot say that there is not evidence to support every finding made by the court.

It is true, as claimed by appellant, that the property was at the time in the hands of a receiver; but it was so pending an accounting between Kerkow and Schurtz, and that fact did not prevent one of the parties, with the consent of the other, from selling his interest to a third party; nor did it prevent the receiver from restoring it to the parties in interest, or to such third person as they should direct, upon a settlement of their dispute, especially when, as appears in this case, his act in so doing was subsequently approved by the court, and he was regularly discharged from further service in that behalf. Even if he had retained possession, the interest of Schurtz in the property was one which he had full power and right to sell, and a sale so made by him would not be void, as claimed by appellant. (*Noonan* v. *McNab*, 30 Wis. 280; *Noonan* v. *Orton*, 31 Wis. 280.) It is true that in both those cases a question arose as to the right to make such a sale, under the peculiar stipulations of the contract of partnership, but the court held that whatever the stipulations in the contract were, upon the appointment of a receiver pending an accounting, as in this case, one of the partners had such a residuary interest as that he was then at liberty to sell the same, and the sale would be valid and binding.

It is also true, as claimed by appellant, that the purchaser was not bound to pay until delivery of possession (Civ. Code, sec. 1784), but the court finds that possession was delivered on the twelfth day of May, and there is evidence to support that finding. Under the facts of this case, section 1753, Civil Code, cited by appellant, has no application.

The court did not err in overruling the objections

taken by the appellant to the examination of the witness Gottschalk. The objection was too general to avail the defendant. Beside, if there was any merit in the objection intended to be taken, the force of the objection was afterward destroyed by the defendant himself, who twice testified while on the stand that Gottschalk was not his attorney in that matter.

We have examined each of the other specifications of errors of law made by appellant, although put to much unnecessary labor in doing so, by reason of the absence of a proper index to the testimony and exceptions, and fail to find that in any instance the court erred in its rulings.

Judgment and order affirmed.

PATERSON, J., and WORKS, J., concurred.