[S. F. No. 2322.    Department Two.—July 24, 1903.]

THOMAS AMBROSE, Appellant, v. MAHULDA C. DREW et al., Respondents.

FORECLOSURE OF MORTGAGES—CROSS-COMPLAINT BY ADMINISTRATOR— EVIDENCE—ADMISSION AS TO EXECUTION—CONSIDERATION—PRESUMPTION—BURDEN OF PROOF.—In an action to foreclose a mortgage, where a defendant, as administrator of the estate of a deceased person, filed a cross-complaint upon a mortgage executed and recorded prior in date to that of the plaintiff, and which had been assigned to such administrator as an asset of the estate, and where both notes and mortgages were received in evidence without objection, and the assignment to the administrator was admitted by the plaintiff, the due execution of all the instruments in evidence was conceded, and, as each imported a consideration, the priority of the defendant's mortgage over that of the plaintiff was legally presumed; and the burden of proof was upon the plaintiff to overcome such presumption by proof of a want of consideration of the note held by the defendant.

ID.—LOAN FROM FUNDS OF ESTATE TO WIDOW—MORTGAGE TO ATTORNEY —ASSIGNMENT TO ADMINISTRATOR.—Where it appears that money was loaned to a widow from the funds of the estate of her deceased husband, and that the note and mortgage of the widow given to secure the same were executed by her to the attorney for the administrator, for the benefit of the estate, the fact that they were in reality assets of the estate was a sufficient consideration for a transfer thereof by the attorney to the administrator. The motives of the assignment, and whether it was made in pursuance of a judgment declaring it to be the property of the estate, are immaterial.

ID.—REVIEW UPON APPEAL—OBJECTIONS OF MORTGAGOR NOT APPEALING. —Upon appeal by the plaintiff mortgagee from a judgment foreclosing the prior mortgage held by the administrator defendant, any objections which might be urged by the defaulting mortgagor not appealing cannot be considered or reviewed.

APPEAL from a judgment of the Superior Court of Mendocino County and from an order denying a new trial. J. M. Mannon, Judge.

The facts are stated in the opinion of the court.

A. Morgenthal, for Appellant.

Seawell & Pemberton, for Respondents.

LORIGAN, J.—This is an action to foreclose a mortgage given to plaintiff and appellant by the defendant Mahulda C. Drew. The respondent J. H. Barker, as administrator with the will annexed of the estate of Rench Angle, deceased, being made defendant, filed a cross-complaint to foreclose an alleged prior mortgage on the same premises, executed by said Mahulda C. Drew. The other defendants made default. The appellant set up as a defense to the note and mortgage in the cross-complaint of respondent Barker, a want of consideration for its execution. The court found in Barker's behalf, entered a decree of foreclosure in his favor as prior mortgagor, and from the judgment and an order denying the appellant's motion for a new trial this appeal is taken.

The facts in the case are: That on May 7, 1893, the defendant Drew (the surviving widow of said Rench Angle) borrowed of the funds of the estate of said Angle the sum of three thousand dollars, to secure the payment of which she executed the mortgage set forth in the cross-complaint. The note was made payable to, and the mortgage executed in favor of, J. A. Cooper, who was then the attorney of the administrator of said estate. The said mortgage was recorded on the seventh day of August, 1893. In the subsequent year, on August 6th, the defendant Drew executed a note for the sum of $2,822.50, and a mortgage to secure its payment, in favor of plaintiff, upon the same premises described in the mortgage to Cooper, and it is this mortgage which this action is brought to foreclose. On the 30th of March, 1896, the respondent Barker was duly appointed administrator with the will annexed of said estate, and thereafter, on the 30th of April, 1896, said J. A. Cooper assigned and transferred to him, as the administrator of said estate, the promissory note

and the mortgage securing the same which had been executed in his favor by the defendant Drew.

The only points made in the court below, and the main points urged upon this appeal, are that there was no consideration for the mortgage to Cooper set up by Barker as administrator, or consideration for its transfer to him by Cooper.

The note and this mortgage were admitted in evidence without any objection interposed on the part of plaintiff, together with the indorsement of recordation on the mortgage. The admission of the note in evidence without objection conceded its due execution, and the law imported a consideration. (Civ. Code, sec. 3104; *Downing* v. *Le Du,* 82 Cal. 474.) The assignment of Cooper to respondent was also admitted to have been made, and the note and mortgage of plaintiff were also received in evidence without objection. The presumption of law is, that there was a sufficient consideration for all these written instruments, and, as the case then stood on the face of the record, the mortgage of the cross-complainant being executed and recorded first in point of time, had priority in point of law. That priority could only be disturbed by a showing on the part of plaintiff that there was no consideration for the execution of the note, payment of which it purported to secure. The burden of proof in this regard was upon the appellant, and he made effort to meet it. There is nothing, however, disclosed by the record which would warrant us in concluding that he made the slightest showing in that respect. Such oral evidence as he introduced not only failed to support his contention, but, on the contrary, conclusively showed that this money was obtained by Mrs. Drew from the funds of the estate, and the mortgage in question upon her separate property, was given to secure its repayment. In the face of this positive evidence, however, appellant contends that certain inferences are to be deduced from documents filed in the estate of Rench Angle, deceased,—inferences which he contends establish a want of consideration. These consist of a final account filed in the matter of said estate on December 31, 1896, by Mrs. Drew, purporting to be the executrix of the last will and testament of the said Angle, deceased, and the order settling the same, filed April 28, 1897; also an inventory

returned by the cross-complainant Barker as administrator with the will annexed, at what time the record does not disclose. Neither in the account, order, settlement thereof, nor in said inventory, is any mention made of the three thousand dollars as funds of the estate borrowed by her. Appellant contends therefrom, first, that this money never constituted a part of the estate of Rench Angle, deceased, or, if it did, that Mrs. Drew accounted to his estate for an equivalent of money represented by said note and mortgage. The first point is disposed of by the uncontradicted and only evidence on the point in the case, which shows that said money was part of said estate, loaned to her as funds of said estate, and that the note and mortgage were executed by her to insure its repayment. Upon the other point, the record is entirely barren of any evidence directly tending to show at what time, if ever, Mrs. Drew was the executrix of said estate. It may be inferred that she was such at some time from the fact that she filed a final account as such executrix. But, as the record does not show what period the account covered, we are entirely at a loss to know therefrom within what periods she was acting as executrix. Rench Angle died in 1889. The mortgage in question was executed in 1893. This judgment was rendered in 1896. The logical deduction from the fact that no reference was made to this money in question in her account is, that it never came into her hands or under her control, while she was executrix; hence had no proper place in her account either as a debit or credit. Even if it had come, the absence of any mention of it in the account would show no more than that it had never either been debited or credited to her therein. If she was the executrix of the estate at the time she borrowed the funds thereof, it would have been her duty to have shown the transaction in her account, and as it did not appear there, it is to be presumed that the transaction occurred at a time when she was not the executrix, and hence would not appear in her account as a part of her administration of the estate. The order settling the account detracts nothing from this assumption. That order was made in April, 1897, and, as above stated, this note and mortgage had been assigned to the administrator, Barker, in April of the previous year—1896. We are satisfied that the only rea-

sonable inference to be deduced from these facts is, that this
note and mortgage were executed at a time when she was not
executrix of the estate, and was of moneys in no wise handled
by her during her administration as such. There is certainly
no evidence tending to the contrary, and every presumption
must be indulged in in favor of the judgment. Nor do we see
that the reference to the inventory is of any importance. It
was filed on the 13th of April, 1896, and contained no refer-
ence to this note and mortgage. They were not then in the
hands of the administrator, Barker; they were still in the
possession of the mortgagee, Cooper; they were not delivered
to Barker until the 20th of April, several days after he had
returned and filed his inventory, and hence, in the very nature
of things, could not have been embraced within it. As far,
then, as the challenge to this mortgage is concerned, on the
ground that no consideration passed for the execution of
the mortgage by the defendant Drew to Cooper, we think it
is entirely without warrant. The moneys loaned were funds
of the estate received by the mortgagor as such, and her note
and mortgage now in the hands of the administrator, Barker,
were given to secure their repayment to the estate.

It is further insisted by the appellant that there was no
consideration for the transfer of said note and mortgage by
Cooper to the administrator, Barker. As it appears that the
mortgage was, in reality, an asset of the estate of Angle, that
fact was ample consideration for its transfer to the repre-
sentative of the estate. The appellant further questions the
sufficiency of the evidence to sustain some of the other find-
ings made by the court. In the findings it is stated that the
defendant Drew had appeared and admitted the allegations
of the cross-complaint of administrator Barker, and appel-
lant challenges this as a finding without support in the evi-
dence. While he so dignifies this as a finding, it is not so in
fact. It is simply a preliminary recital such as is usually
inserted in findings, relative to appearances or defaults of
parties. Were it otherwise, we do not perceive what right
appellant has to complain of it. The defendant Drew,
against whom the recital runs, has taken no appeal and is
making no complaint. There was no privity between her and
appellant in the action, and he cannot avail himself of an

objection which concerns her alone. As far as the issues made between appellant and respondent are concerned, the court found on all of them against appellant, and if the evidence is sufficient to support them the judgment must stand, independent of what objections Mrs. Drew might have urged had she appealed.

The court made a finding that the assignment from Cooper to the administrator Barker was in pursuance of a judgment of the court declaring the note and mortgage to be the property of the estate of Angle, and appellant claims there is no evidence to sustain this finding. From the discussion which took place between counsel for appellant and respondent concerning the admission in evidence of the assignment from Cooper to the administrator, it might reasonably be inferred that the existence of such a judgment was conceded. It is immaterial, however, whether the inference is correct or not, and it is equally immaterial what particular reason actuated the making of the assignment. It was in fact made, and properly so. The note and mortgage represented assets of the estate; they were executed to Cooper for the benefit of the estate; the assignment by him properly placed them in the possession and under the control of the administrator thereof, and the facts in the record, as found by the court, were sufficient to sustain the assignment, independent of the question whether the particular finding complained of is, or is not, sustained by the evidence.

These constitute all the points made by appellant in his briefs upon this appeal, and, as we find none of them tenable, the judgment and order appealed from are affirmed.

McFarland, J., and Henshaw, J., concurred.

Hearing in Bank denied.