[S. F. No. 4003. Department One.—October 11, 1905.]

In the Matter of the Estate of RENCH ANGLE, Deceased.

ESTATES OF DECEASED PERSONS — LIENS UPON WIDOW'S INTEREST — PRIORITY OF LIEN OF ESTATE—INTEREST IN PROCEEDS OF SALE.—A subsequent holder of a lien upon the interest of the widow in the real estate of her deceased husband, which has been sold under order of the probate court, can claim no right in the widow's share of the proceeds as against a prior lien held thereon by the administrator for the estate, if there is no residue belonging to the widow or her successor in interest after payment of the prior lien.

ID.—SET-OFF AGAINST WIDOW'S SHARE—INSOLVENCY.—The estate has the right to set off against the share of the widow such amounts as are due from her to the estate; and such right of set-off is not dependent upon her insolvency.

ID.—DECREE OF FORECLOSURE—ADJUDICATION OF PRIORITY—ESTOPPEL.— Where the priority of the lien held by the estate was adjudged in an action brought to foreclose a subsequent mortgage upon the widow's interest, the decree is res adjudicata, as to the paramount

validity of the prior mortgage thereon held by the estate, and the holder of the subsequent lien is estopped to deny it upon distribution of the proceeds of sale.

ID.—EFFECT OF PROBATE SALE—LIENS TRANSFERRED TO PROCEEDS.—The probate sale did not have the effect to destroy or discharge the liens against the widow's share, but merely had the effect to transfer the liens to the interest of the widow in the proceeds of sale.

ID.—SUCCESSION — COMMUNITY PROPERTY — INTEREST OF WIDOW.—The interest of the widow who takes by succession an interest in the community property, where there are surviving children, is limited to one half of such property, and she does not take any interest as heir in the remaining one half.

ID.—EVIDENCE—REVIEW UPON APPEAL—PAPERS NOT IN RECORD.—The appellant is not entitled to a review of the action of the trial court in the exclusion of papers offered in evidence, where the record fails to show their contents or their materiality.

ID.—ASSIGNMENT BY WIDOW—HARMLESS RULING.—Where the appellant has no interest in the widow's share of the proceeds of the sale of the real estate, he could not be prejudiced by the admission in evidence of an assignment made by the widow of her interest in the residue of the estate shortly prior to the decree of distribution.

APPEAL from a decree of the Superior Court of Mendocino County of the final distribution of the estate of a deceased person. J. Q. White, Judge.

The facts are stated in the opinion of the court.

A. Morgenthal, for Appellant.

Weldon & Held, J. E. Pemberton, Arthur J. Thatcher, T. L. Carothers, and J. C. Ruddock, for Respondents.

ANGELLOTTI, J.—This is an appeal from a decree of final distribution, by which a balance of money in the hands of the administrator, amounting to $5,388.42, constituting all of the ascertained residue of the estate, except a judgment against the surviving wife, amounting to $6,721.88, was distributed to four of the six children of deceased in equal shares. The only appellant is one Ambrose, who designates himself in the notice of appeal as a judgment lienholder against the fund distributed. In his answer to the petition for distribution, he styled himself a judgment creditor of the surviving wife of the deceased, whom he alleged to be an heir and entitled to a portion of the residue of the estate,

and asked that the same be distributed, subject to his judgment lien. The trial court found that such surviving wife was entitled to no portion of the residue, owing to the fact that the unpaid judgment of the estate against her was greater in amount than her portion of the estate, and for that reason refused to afford appellant any relief, and distributed the residue of money to four children, the other two having already received their portions.

Appellant's claim was one against the surviving wife only. The debt upon which it was based was created after the death of deceased. The surviving wife purchased sheep from appellant, gave him a note for the purchase price, and, to secure the payment of the same, executed to him a mortgage upon her interest in a tract of land owned by the estate. She had prior thereto executed a mortgage upon the same interest to one Cooper, and this mortgage and the indebtedness thereby secured were subsequently assigned to the administrator with the will annexed of said estate. Subsequently appellant commenced an action to foreclose his mortgage, making such administrator a party defendant. In that action it was determined that the mortgage held by the estate was a prior valid and subsisting mortgage, and that there was due thereon to the estate $4,814.67, and also that there was due on appellant's mortgage $4,994.26. A decree was entered requiring the sale of the interest of the surviving wife in the mortgaged premises, to satisfy, first, the claim of the estate, and, secondly, the claim of appellant, and directing the docketing of judgments against the surviving wife for any deficiency remaining after such sale. An appeal was taken by appellant here from that judgment, he contesting the validity of the claim of the estate, and the judgment was here affirmed. (*Ambrose* v. *Drew,* 139 Cal. 665, [73 Pac. 543].) No sale of the mortgaged premises was ever made under the foreclosure decree, as, pending the appeal, the administrator had, under order of the probate court, regularly sold the interest of the deceased in the real property affected by the mortgage, and such sale had been duly confirmed. All of the money in the hands of the administrator was a part of the proceeds of said probate sale. No part of appellant's judgment has ever been paid. The judgment in favor of the estate embraced in said foreclosure decree amounted, with the interest adjudged, at

the date of the decree of distribution, to the sum of $6,721.88, and is the judgment specified in such decree as a portion of the residue of the estate. All the property of the estate is community property. Without deciding the point, it may be assumed for the purposes of this decision that appellant, under the facts stated above, had such an interest as entitled him to be heard in the matter of the distribution. (*Estate of Crooks*, 125 Cal. 459, 461, [58 Pac. 89].) It is obvious, however, that he could have no right whatever except as against such portion of the residue as belonged to his judgment debtor, the surviving wife, or her successors in interest. If the decision of the lower court, to the effect that by reason of the judgment of the estate against her she was entitled to nothing, be correct, appellant must necessarily fail.

The right to set off as against the share of the surviving wife such amounts as were due from her to the estate is not disputed. It is urged, however, that there was nothing so due from her, and the finding that a portion of the residue consisted of this judgment against her is attacked. The contention in this respect involves questions as to validity and ownership of the mortgage originally given to Cooper and afterwards assigned to the estate, and the subsequent judgment thereon in favor of the administrator, which were fully litigated and fully determined in the foreclosure action in which appellant, the estate through the administrator, and the surviving wife were parties (*Ambrose* v. *Drew*, 139 Cal. 665, [73 Pac. 543]), and are *res judicata*. Even if it be conceded, as contended by appellant, that the decision in that case was erroneous, it is beyond review. The judgment therein against the wife and in favor of the estate became an asset of the estate. With legal interest to the date of the decree, it amounted to the sum specified therein, and in such amount, no part thereof having been paid, constituted a portion of the residue. It is contended that when the mortgaged property was sold at probate sale the mortgage was thereby paid, but manifestly such sale of the decedent's interest in the land could in no way affect the indebtedness of the wife to the estate, except to alter the security held by the estate for the payment of such debt. Instead of holding her interest as heir in the land of the estate as security, it thereafter held her interest as heir in the proceeds of such land.

Upon the theory entertained by the court below, to the effect that the attempted disposition of the property by will was invalid, and that the law as to succession in cases of intestacy therefore applied, as to the correctness of which theory no point appears to be made by appellant, its conclusion that, all the property being community property, the wife was originally entitled to only one half of the property, and the six children of deceased were originally entitled to the other half, was undoubtedly correct. (Civ. Code, sec. 1402.) Appellant's contention in this behalf appears to be that where the property is community property, and there are a surviving wife and children, the wife takes one half absolutely, and one third of the remaining half as heir. This contention is answered by the express terms of the statute, cited above, where it is provided as follows, viz.: "Upon the death of the husband, one half of the community property goes to the surviving wife, and the other half is subject to the testamentary disposition of the husband, and in the absence of such disposition goes to his descendants, equally, if such descendants are in the same degree of kindred to the decedent." It is only in the absence of descendants that the rule contended for by appellant would be applicable. The residue of the estate consisting only of $5,388.42 in money, and the judgment against the wife for $6,721.88, and she being entitled to only one half of such residue, it necessarily follows that she was entitled to receive nothing on distribution.

It is contended that the finding that the surviving wife is insolvent, and that the judgment against her is without value, except as the same may be used as an offset against the money which would otherwise be due her, is not sustained by the evidence. This finding, however, is immaterial. The right to offset the judgment against her share was not dependent upon her insolvency.

Appellant complains of rulings of the lower court refusing to admit in evidence certain papers offered for the stated purpose of showing that the wife was not indebted to the estate at the time of distribution, but that said estate was indebted to her. There was nothing in the record to indicate what the offered papers in fact showed in this regard—nothing to indicate they were at all material to the questions

stated, viz., the indebtedness of the wife. Where a party seeks to show error on the part of the court in excluding evidence, he must make his bill of exceptions show the materiality of the proposed evidence, for error will not be presumed. This is specially true of writings offered in evidence where, unless the offered papers are set forth or some statement is made in the bill as to their contents, it is impossible to ascertain whether they in fact bore upon the questions in issue on the trial. What is said as to these offers in the record and in appellant's brief shows furthermore that the evidence sought to be introduced was of matters preceding in date the trial and decree in the foreclosure action of *Ambrose* v. *Drew,* 139 Cal. 665, [73 Pac. 543], whereby the fact and amount of indebtedness were finally determined against the wife. There was no pretense that, if such decree were correct, any of the indebtedness thereby declared had been paid.

Appellant complains of a ruling of the court admitting in evidence a paper executed by the wife shortly prior to the distribution purporting to assign to the four sons of deceased all her interest in the residue of said estate. This ruling could not have affected appellant prejudicially. If the purported assignment had not been received in evidence, it would still be true that appellant could not have obtained any relief. The conclusion that, by reason of the judgment against her, the wife was entitled to no portion of the residue, leaves him without any right as to any portion of such residue.

This disposes of all the points made by appellant against the correctness of the action of the lower court.

The decree of distribution appealed from is affirmed.

Shaw, J., and Van Dyke, J., concurred.