# Dickinson's Estate. Cheyney's Appeal.

*Orphans' Court—Jurisdiction—Chancery powers—Act of March 29, 1832, sec. 49.*

When a fund produced by a sale in partition of the real estate of an intestate is before the orphans' court for distribution, under the provisions of section 49 of the act of March 29, 1832, P. L. 206, the court has exclusive jurisdiction over the question of disbursement, with power to decide all questions necessary to a proper distribution.

In such case the jurisdiction of the orphans' court does not depend upon the common law doctrine of set-off, but upon the exercise of the chancery powers vested in the court.

*Decedents' estate—Debts due by heir to the estate—Creditors of heir.*

When one of the heirs of decedent was indebted to decedent, and the latter died intestate, an equal distribution of decedent's estate can only be effected by charging the heir with the advancement, or requiring him to pay his indebtedness by applying his share of the estate to that object.

The rights of creditors of the heir are dependent upon his rights. They claim through him. If the heir's share is insufficient to discharge his indebtedness to the decedent's estate, his creditors take nothing in the distribution.

Argued Feb. 9, 1892. Appeal, No. 117, July T., 1891, by Horace L. Cheyney, from decree of O. C. Delaware Co., dismissing exceptions to report of auditor distributing the share of Howard Dickinson, one of the heirs, in the estate of William Dickinson, deceased. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Claim of a judgment creditor of one of the heirs on the heir's portion of a fund produced by a sale in partition of decedent's real estate.

The facts appear by the opinion of the court below, WADDELL, P. J., specially presiding, dismissing exceptions to the report of V. Gilpin Robinson, Esq., the auditor appointed to make distribution. The opinion was as follows:

" The fund for distribution is the share of one of the heirs of William Dickinson, dec'd, ascertained by proceedings in partition in the orphans' court. The heir entitled to the share was indebted to his father at the time of his death in an amount exceeding his share, and since the death, and before the adjudication, judgments were entered against him to a large amount by several creditors. Under these circumstances, the heir, accepting the real estate at the valuation, paid this share into court under the provisions of § 49 of the act of March 29, 1832. It is, therefore, in the hands of the court for distribution among creditors or others, ' with like powers as exercised by the court of common law, where money is paid in by sheriffs or coroners.' The other heirs claim it should be applied to the liquidation of the indebtedness to the father, while the creditors claim it should be applied to the payment of their judgments in their order. No doubt the fund for distribution bears the impress of realty, and the judgments being entered before the adjudication, they will follow the fund, and are entitled to be paid out of it, if they take precedence of the debt due the father.

" The rights of all the creditors must depend upon the rights of this heir. They claim through him. His right to this share depends upon his right to have a proportional part of the valuation money of his father's real estate. It is the father's estate which is being distributed. All the interest this son has in the land, or the proceeds of the land, he derives from his father under the intestate laws of the commonwealth. That interest is an equal share with the other children in the decedent's other estate, whether real or personal. After proceedings in partition, each heir is entitled to receive a proportional part* of the valuation money. A proportional amount is defined to be, such a share as shall make each child equal with the others, after deducting his advancements: Dutch's Ap., 57

Pa. 467. If one child is allowed to retain what he has already received from his father, whether in the shape of money paid for his benefit at his request, and thus regarded as a debt, or paid directly to him for his use, and thus regarded as an advancement, and is also allowed to receive his full share of the estate besides, he is certainly receiving more than an equal share of the estate of the father. In equity, an equal distribution can only be effected by charging him with the advancement, or requiring him to pay his indebtedness by applying his share of the estate to that object. If this was a contest between Howard Dickinson, the son indebted, and the other heirs, we think no question could arise as to their right to defalk his indebtedness to the father's estate. His indebtedness to the father would be regarded as assets in their hands for the purpose of adjustment, and when he demanded his share of the recognizance, they could require him to pay his debt before receiving a share of the estate. Especially would this be the case if he invoked the aid of the orphans' court to enforce his demand. He would be entitled to receive what was left after deducting what he owed the estate.

"It must be remembered that the fund is in the hands of the orphans' court, and the jurisdiction of that court has been invoked by the parties in interest. That court, therefore, has exclusive jurisdiction over the question of disbursement, with power to decide all questions necessary to a proper distribution: Kittera's Est., 17 Pa. 423. It has authority to ascertain the amount of a decedent's property, and order its distribution among those entitled to receive it, and those thus entitled have been deemed to embrace heirs, next of kin, legatees and creditors: Kittera's Est., 17 Pa. 422; Whiteside v. Whiteside, 20 Pa. 474; Ashford v. Ewing, 25 Pa. 215. Its jurisdiction will be so exercised as to dispose of every subject embraced within the contest, and will be made so effectual as to afford complete relief to all the parties in interest: Shollenberger's Ap., 21 Pa. 340. It was in the exercise of these powers that the court declared in Springer's Ap., 29 Pa. 208, that 'if one of the heirs of an estate is indebted to it, he may be treated in its distribution as having an advancement to the amount of his debt.' The same principle and right, based upon the same

power, is recognized in Lucas's Ap., 53 Pa. 404, and Thompson's Ap., 42 Pa. 357, 358. The heir who owes the estate is presumed to have in his hands, already, assets of the estate, sufficient to pay and satisfy his share. He is thus paid by operation of law, and the orphans' court, when it comes to distribute the fund, does equity by applying these assets to the payment of his share: Thompson's Ap., 42 Pa. 357. His share of the estate has been absorbed, as it were, and he therefore has no further interest in it. For this reason, there is nothing for the judgments to attach to, and they are not considered in the distribution. It will be seen that the right to appropriate the share in this way does not depend upon the common law doctrine of set-off, but upon the exercise of the chancery powers vested in the orphans' court. As is said by Vice-Chancellor Stuart, in Smith v. Smith, 5 Law Times, N. S. 302, and quoted approvingly in Thompson's Ap., supra, page 358, 'the expression retainer or set-off is not a proper one, for it is not a question of retainer or set-off, but the question of the right on the part of the legatee to receive payment of the legacy, having regard to the amount of the debt due to the testator's estate; so long as the debt remains undischarged . . . . the legatee will not be entitled to receive the legacy.' The court then goes on to say that, whether the claim in the case before them (Thompson's Appeal) was an advancement or a debt, it must be discharged by the legatee before he can claim his legacy, or, in other words, the legacy must first be applied to pay the debt, and then the balance belongs to him. We see no difference in applying this principle between a legacy and a distributive share.

" If we are correct in our view of the authority under which the court acts, then it makes no difference whether the funds in the hands of the court for distribution, are the proceeds of real or personal property: Manifold's Est., 5 W. & S. 341; Springer's Ap., 29 Pa. 208. All that is necessary is for the orphans' court to have control of the fund for the purpose of distribution, and the parties interested before it, and it will ascertain and enforce such equities as are necessary to equalize, as far as it can, the shares of the respective heirs in the estate of decedent. And this doctrine is not controverted by the case of Wallace v. Keyser, 51 Pa. 493. In that case,

certain heirs were endeavoring to enforce an agreement made by themselves, through a bill in equity. They were not in the orphans' court, and the court very properly held that the debts of the heir to the testator could not be taken out of the proceeds of sale, before the payment of judgment creditors, for the reason that the proceeds of sale were not a fund in course of distribution; but the contest was over the purchase money from a private sale by the heirs, put into the hands of a third person, for the use of the judgment creditors, in lieu of the liens which they released. If this is not entirely clear from the case itself, it is made so by what the court say in Hughes' Ap., 57 Pa. 179.

" These views lead us necessarily to the support of the auditor's report. We believe he is correct in applying the fund in question to the payment of the debt due the estate, and in distributing the share of the heir among those interested in the estate of the decedent. We must, therefore, dismiss the exceptions and confirm the report of the auditor."

*Errors assigned* were (1) dismissing exceptions to auditor's report; (2) confirming the report; (3) not awarding to appellant the amount of his judgment against Howard Dickinson.

*Horace L. Cheyney*, for appellant.

*Garrett E. Smedley*, *Henry C. Howard* with him, for appellees.

PER CURIAM, March 28, 1892:

This decree is affirmed upon the opinion of the learned judge of the court below, and the appeal dismissed at the costs of the appellant.