[No. 3682.    Decided September 13, 1901.]

Eugene H. Boyer *et al., Executors, Respondents,* v.
James L. Robinson, *Appellant.*

EXECUTORS AND ADMINISTRATORS—ACTION TO QUIET TITLE—PLEADING.

In a suit by executors of a testator's estate to remove the cloud cast upon the realty belonging to the estate by reason of defendant's judgment against one of the devisees, an allegation that letters testamentary had been granted to plaintiffs is immaterial, where they derive their authority from a non-intervention will; and the allegation as to plaintiffs being executors and authorized to sue sufficiently appears, where the complaint, after setting forth the will, states that plaintiffs "duly qualified and accepted the trust thereby created and ever since have been and now are the duly qualified and acting executors."

SAME—INDEBTEDNESS OF DEVISEE TO ESTATE—SET-OFF.

Under the statutes of this state, the real property of a testator is subjected to the payment of his simple contract debts, and

therefore a debt due from a devisee can be retained from his portion of the real estate by the executor under the doctrine permitting the set-off of one debt against another.

SAME—JUDGMENT CREDITOR OF DEVISEE—PRIORITY OF LIEN.

A judgment creditor of a devisee under a will acquires no lien against the devisee's interest in the realty of the estate, when the devisee is indebted to the estate in excess of the value of his share.

Appeal from Superior Court, Walla Walla County.— Hon. THOMAS H. BRENTS, Judge. Affirmed.

*Wellington Clark,* for appellant.

*B. L. & J. L. Sharpstein,* for respondents.

The opinion of the court was delivered by

REAVIS, C. J.—John F. Boyer died testate. His personal estate was of the value of $31,703 and the real estate $117,000. He left seven children, to whom he bequeathed and devised his estate in equal, undivided shares. Franklin D. Boyer, one of his sons, was, before his father's death, indebted to him in the sum of $58,797, and was insolvent. When John F. Boyer, testator, died, the son, Franklin D. Boyer, was indebted to appellant, Robinson, upon a judgment in the sum of $1,421.23, with attorney's fees and costs. Such judgment having been duly entered of record in the county in which the real estate was situated, appellant claims a lien on all the interest in the real estate of the deceased inherited by Franklin D. Boyer, the judgment debtor. Respondents claim that the judgment debtor of appellant was indebted to his father at the time of his death in an amount exceeding the value of the interest he inherited from his father, and that the executors have the power to sell the interest of Franklin D. Boyer in the estate to pay his indebtedness to the estate, and for the purpose of paying the debts of the estate and

expenses of the administration. This suit is to remove the cloud that appellant's judgment lien casts on the real estate. The bill filed by respondents alleges the death of the testator in Walla Walla county on the 8th of February, 1897, and that prior to his death he had duly executed his last will, which had been approved and admitted to probate, the appointment of respondents as executors, the devise of all his estate to the seven children, share and share alike, and that the will contained the following provision:

· "I hereby nominate and appoint Franklin D. Boyer, Eugene H. Boyer and John E. Boyer, or the survivors, the executors of this my last will and testament, and request and direct that no bond or other security of any kind be required of them or either of them, and that in the administration of my said estate they act according to their best judgment. And it is my further desire and I hereby direct that my estate shall be settled in the manner provided in this will and that letters testamentary or of administration shall not be required, but that my estate shall be settled without the intervention of any court whatever, except that notice to creditors shall be given in the manner required by law, and upon the expiration of the time for presenting claims, all claims not before presented shall be by the court duly adjudged to be barred. And I authorize and empower my executors or the survivors to make sales of real estate or personal property or release mortgages without the necessity of applying to probate or other court for an order of sale, and without the necessity of reporting such sale to any probate or other court, or obtaining an order of confirmation thereof, it being my will, wish and desire that my said executors or the survivors shall handle and manage my estate the same as I could if living, and I authorize and empower a majority of my said executors or a majority of the survivors to do any and all acts which the full number of said executors are authorized to do under the terms of this my last will and testament."

A general demurrer was filed to the complaint, which was overruled, and, defendant electing to stand upon the demurrer, judgment was thereupon entered, granting the relief prayed for in the complaint.

It is urged in support of the demurrer that there is no direct allegation that respondents are executors; that, after setting forth the will, they allege only that they "duly qualified and accepted the trust thereby created and ever since have been and now are the duly qualified and acting executors." Certainly the facts stated show they are trustees, with authority to sue, and are duly appointed executors. The objection that there is no allegation that letters testamentary have been granted is immaterial, for this is a non-intervention will. *Newport v. Newport,* 5 Wash. 114 (31 Pac. 428); *Smith v. Smith,* 15 Wash. 239 (46 Pac. 234).

But the main contention urged by appellant is that the lien of his judgment against Franklin D. Boyer is superior to the claim of the estate, which is designated as a general indebtedness; that at any rate the heir's share of the realty vested in the judgment debtor upon the death of the testator, and thus the lien of the judgment attached to all the interest of the heir in the real estate. It is urged that at common law the real property in decedent was not liable in any case for the payment of his simple contract debts, and that under this rule a debt due from an heir or devisee to the decedent could not be offset against, or retained from, his portion of the real estate by the executor or administrator; and a number of authorities are referred to to sustain this rule. But under our law the real property is subject to the payment of the simple contract debts of the decedent.

It is urged that, as appellant was the more vigilant creditor, his right is superior to the right of respondents.

Several authorities are cited to support this conclusion, among which are *Scobee v. Bridges,* 87 Ky. 427 (9 S. W. 299), and *Thompson v. Myers,* 95 Ky. 597 (26 S. W. 1014). It is also argued that because §§ 4627 to 4632, Bal. Code, relative to the subject of advancement, provide for a lien for advancements in favor of the estate, there is some implication that no lien was reserved upon debts due the estate from one of the heirs or devisees. It may be conceded that the rule urged by appellant has some support in authority, but we think the weight of authority, as well as equitable principles, do not recognize such rule. The better and largely accepted view is very well stated in *Oxsheer v. Nave,* 90 Tex. 568 (40 S. W. 7, 37 L. R. A. 98):

"All the courts, except those which adhere to the theory that it is a race of diligence between the administrator and other creditors of the heir who is indebted to the estate, hold that a creditor of such heir can acquire no better right in the estate than that held by the heir himself. Since when the heir owes the estate more than the value of his share and does not pay his debt he has no interest in the other property of the estate, it necessarily follows, as we think, that a creditor, by a sale and purchase under judicial process of his nominal interest, can acquire no right in the property."

Upholding the same doctrine are found *Fiscus v. Fiscus,* 127 Ind. 283 (26 N. E. 831); *Streety v. McCurdy,* 104 Ala. 493 (16 South. 686); *In re Dickinson's Estate,* 148 Pa. St. 142 (23 Atl. 1053); *Blackler v. Boott,* 114 Mass. 24.

. It seems apparent that before the devisee can have a distributive interest in the estate his debt due the estate must be settled. The interest of the devisees cannot be distributed until the assets of the estate are determined. The averments of the complaint show that Franklin D.

Boyer has in fact no interest in the estate. The claim of lien, then, is an unsubstantial cloud upheld by appellant. It is in the way of the settlement of the estate and the trust committed to the executors.

We think the complaint states a cause of action, and the judgment is affirmed.

WHITE, FULLERTON, DUNBAR and ANDERS, JJ., concur.