AGNES B. HEAD, *as Guardian*, v. F. R. SPIER
*et. al.*, *etc.*

**No. 12,978.**   (71 Pac. 833.)

SYLLABUS BY THE COURT.

DESCENTS AND DISTRIBUTIONS— *Subject to Equities.* The heirs of
a decedent, whether lineal or collateral, take their distributive
share of the estate subject to all existing equities in favor of the
estate against them personally and against any of those through
whom they inherit.

Error from Saline district court; R. F. THOMPSON,
judge.   Opinion filed March 7, 1903.   Affirmed.

*David Ritchie*, for plaintiff in error.

*Z. C. Millikin*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : This action was brought by Agnes B.
Head, as guardian of Harley Head, Anna Head and
Louis Head, minors, against F. R. Spier and H. F.
Sheldon, administrators of the estate of Nathaniel
Head, deceased, to recover $529.25, which she claims
as their distributive share of the estate of Nathaniel
Head. Judgment was rendered for defendants below.
Nathaniel Head and Truxton Head were brothers.
Truxton became indebted to Nathaniel, and died in-
solvent. At the time of Nathaniel's death he held
Truxton's note for the amount due him. Nathaniel
died intestate, leaving no widow or issue. Truxton
left surviving him a son, Simeon, who died leaving
children, the plaintiffs herein. Their distributive
share of Nathaniel's estate was $529. The probate
court directed the administrators to deduct all amounts
due the estate from the distributive share of each heir.
Under this order, after deducting the amount of Trux-

ton's indebtedness to the estate of Nathaniel, there was nothing left for plaintiffs.

It is contended that upon the death of Nathaniel his property descended at once and immediately to his then living heirs, and that they were not liable for any debts their father was owing the estate; that upon the death of Nathaniel Head his property did not descend to, or through, Truxton Head, because he was dead, or to, or through, Simeon Head, for the same reason; that these heirs should not be made to pay the debts of their grandfather, Truxton Head, or the debts of their father, Simeon Head; that, as such debts are not their debts, they are entitled to their share of the estate of Nathaniel Head free from such liability. The provisions of the statute covering this question are sections 2521 and 2522, General Statutes of 1901 :

"Sec. 2521. If the intestate leave no issue, the whole of his estate shall go to his wife; and if he leave no wife nor issue, the whole of his estate shall go to his parents.

"Sec. 2522. If one of his parents be dead, the whole of the estate shall go to the surviving parent; and if both parents be dead, it shall be disposed of in the same manner as if they, or either of them, had outlived the intestate and died in the possession and ownership of the portion thus falling to their share, or to either of them, and so on through ascending ancestors and their issue."

In the light of these provisions the contention of the plaintiffs cannot be sustained. The only right they had to inherit any of the property of Nathaniel is derived through their ancestor, Truxton, descending through their deceased father. It was said in *Smith v. Lynch*, 61 Kan. 609, 613, 60 Pac. 329, 330 :

"For the purpose of the transmission of title

through ascending heirs to collateral kindred, the statute of descents and distributions conceives the ancestor as living, and also conceives those who receive the title from him as likewise living. . . . It presupposes the parents of the deceased to be still alive, and also presupposes those next in the line of succession to be likewise living.''

It is true this is but a fiction of the law, but it is the fiction that gives the plaintiffs all the right they have to inherit from Nathaniel Head. They take through Simeon Head, he through Truxton, and he in turn through the common ancestors of Nathaniel and Truxton Head. The ancestors of Nathaniel and Truxton having taken the entire estate, Truxton inherits his share subject to any equitable claim Nathaniel's estate held against him. Simeon inherits through Truxton, subject to any equitable claim the estate held against either Truxton or Simeon. The present plaintiffs can take no more than could have been taken by Truxton or Simeon. They inherit and take exactly the same interest in Nathaniel's estate that Truxton would have taken had he outlived Nathaniel, and they take it subject to the same conditions and equities that Truxton would have taken.

The principle contended for by plaintiffs in error was before this court in *Fletcher v. Wormington*, 24 Kan. 259, 264, where it was said:

''But this share . . . is not given to the defendant absolutely and unconditionally. It is given to her 'in accordance with the rules herein (that is, in said act) prescribed, *in the same manner as though such child* (that is, Edward) *had outlived his parent*,' That is, the defendant takes Edward's share of his father's estate in the same manner as though Edward had been living at the time of his father's death, but had died immediately thereafter. Now, if Edward had been living when his father died, he would un-

Head v. Spier.

doubtedly have immediately taken his share of his father's estate, but subject, however, to the payment of his father's debts, and such share would also undoubtedly and immediately have become liable for the payment of his own debts, and if he had then died, such share would have still remained liable for the payment of his own debts, as well as of his father's debts.   The property in general of an intestate is never given absolutely to his heirs. It is always given subject to the intestate's debts.   Or, in the language of the statute (said section 1), only so much of it is given to his heirs as is 'not necessary for the payment of debts.'"

This same principle was followed by this court in the case of *Holden v. Spier*, 65 Kan. 412, 70 Pac. 348, wherein the court said :

"The probate court, having jurisdiction to make settlement and distribution of a decedent's estate, may determine the share of each distributee, and, to that end, can inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share."

We think this is the general rule adopted by the courts.   (*Dutoit v. Doyle et al.*, 16 Ohio St. 400 ; *Earnest and others, Adm., v. Earnest and others*, 5 Rawle, 213 ; *Batton et al. v. Allen et al.*, 1 Halst. Ch. (N. J.) 99, 43 Am. Dec. 630, *Martin v. Martin*, 170 Ill. 18, 48 N. E. 694 ; *Dickinson's Estate*, 148 Pa. St. 142, 23 Atl. 1053.)

The judgment of the court below is affirmed.

All the Justices concurring.