JULIA STENSON and Ole G. Flaagen v. H. S. HALVORSON COMPANY, a Corporation, et al.

(— L.R.A.(N.S.) —, 147 N. W. 800.)

**Indebtedness by heir — prior equitable lien — distributive share — judgments against him.**

1. An indebtedness owing by an heir to the estate, *held*, to constitute a prior equitable lien upon such heir's distributive share of the estate as against the liens of judgments docketed against him.

**Evidence — findings — sustained.**

2. Evidence examined, and *held* that the finding of the trial court that the extent of such heir's indebtedness to the estate exceeded the value of his distributive share in the estate is fully sustained.

**County court — jurisdiction — decedent's estate — share of each distributee — determination — indebtedness — deduction.**

3. The county court, having jurisdiction to make settlement and distribution of a decedent's estate, may determine the share of each distributee, and to that end it has authority to inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share.

**Decree of distribution — county court — final.**

4. The decree of distribution of a decedent's estate duly entered by the county court is final and conclusive as against a mere collateral attack.

Opinion filed June 6, 1914.

Appeal from District Court, Nelson County, *Charles M. Cooley,* J.

Action to determine adverse claim. From a judgment in plaintiffs' favor, defendants appeal.

Affirmed.

---

Note.—On the question of indebtedness of heir to estate as counterclaim or set-off against distributive share in proceeds of real estate, see note in 4 L.R.A.(N.S.) 189.

*Barnett & Richardson* and *Lyman N. Miller,* for appellants.

In the case of a person dying intestate, his estate vests at once in his heirs, subject only to the payment of his debts and expenses of administration, and the family allowance. 1 Ross, Prob. Law, § 112, citing, Brenham v. Story, 39 Cal. 179; Re Sullivan, 36 Wash. 217, 78 Pac. 945; Bates v. Howard, 105 Cal. 173, 38 Pac. 715; Elder v. Horseshoe Min. & Mill. Co. 9 S. D. 636, 62 Am. St. Rep. 895, 70 N. W. 1060; Re Schroeder, 46 Cal. 304; Smith v. Olmstead, 88 Cal. 582, 12 L.R.A. 46, 22 Am. St. Rep. 336, 26 Pac. 521; Murphy v. Clayton, 114 Cal. 526, 43 Pac. 613, 46 Pac. 460; N. D. Rev. Codes 1905, § 7890.

The distributive share of the real estate of an heir to the estate of his ancestor is not chargeable with such indebtedness, either as land or as the proceeds thereof in the hands of the administrator. Marvin v. Bowlby, 142 Mich. 245, 113 Am. St. Rep. 574, 105 N. W. 751, 7 Ann. Cas. 559; see case note in 4 L.R.A.(N.S.) 189; LaFoy v. LaFoy, 43 N. J. Eq. 206, 3 Am. St. Rep. 302, 10 Atl. 266; Mann v. Mann, 12 Heisk. 245; Parker v. Britt, 4 Heisk. 243; Close v. Van Husen, 19 Barb. 505; Smith v. Kearney, 2 Barb. Ch. 533; Kendall v. Mondell, 67 Md. 444, 10 Atl. 240; Dearborn v. Preston, 7 Allen, 192; Proctor v. Newhall, 17 Mass. 81; Hancock v. Hubbard, 19 Pick. 167; Jones v. Treadwell, 169 Mass. 430, 48 N. E. 339; Towles v. Towles, 1 Head, 601; Sartor v. Beaty, 25 S. C. 293; Olney v. Brown, 163 Mich. 125, 128 N. W. 241; Re Simon, 158 Mich. 256, 122 N. W. 544, 17 Ann. Cas. 723; Sprague v. Moore, 130 Mich. 92, 89 N. W. 712; Broas v. Broas, 153 Mich. 310, 116 N. W. 1077; Lodge v. Fitch, 72 Neb. 652, 101 N. W. 338; Milnes v. Sherwin, 53 L. T. N. S. 534, 33 Week. Rep. 927; Thompson v. Myers, 95 Ky. 597, 26 S. W. 1014; Power v. Power, 91 Mich. 587, 52 N. W. 60; Barton v. Rice, 22 Pick. 508.

*Frich & Kelly,* for respondents.

The distributive share of an heir should be retained in the hands of the administrator, and applied to his indebtedness to the estate. 23 Cyc. 1377; Koons v. Mellett, 121 Ind. 585, 7 L.R.A. 231, 23 N. E. 95; Oxsheer v. Nave, 90 Tex. 568, 37 L.R.A. 98, 40 S. W. 7; 1 L.R.A. Cases as Authorities, 926; Fiscus v. Moore, 121 Ind. 547, 7 L.R.A. 235, 23 N. E. 362; Hunter v. Citizens' Sav. & T. Co. — Iowa, —,

138 N. W. 476; School Dist. v. Peterson, 74 Minn. 122, 73 Am. St. Rep. 337, 76 N. W. 1126.

It matters not by what name the proceeding is called, whether retainer, advancement, or set-off, the result is the same, and it rests upon the wholesome principles of right and justice. Smith v. Kearney, 2 Barb. Ch. 533; Holmes v. McPheeters, 149 Ind. 587, 49 N. E. 452; Ramsour v. Thompson, 65 N. C. 628; Duffy v. Duffy, 155 Mo. 144, 55 S. W. 1002; Courtenay v. Williams, 3 Hare, 539, 13 L. J. Ch. N. S. 461, 8 Jur. 844; Jeffs v. Wood, 2 P. Wms. 128; Sims v. Doughty, 5 Ves. Jr. 243; Oxsheer v. Nave, 90 Tex. 568, 37 L.R.A. 98, 40 S. W. 7, and cases cited; Keever v. Hunter, 62 Ohio St. 616, 57 N. E. 454; Head v. Spier, 66 Kan. 386, 71 Pac. 833; Re Lietman, 149 Mo. 112, 73 Am. St. Rep. 374, 50 S. W. 307; Wilson v. Kelly, 16 S. C. 216; Allen v. Smitherman, 41 N. C. (6 Ired. Eq.) 341; Fiscus v. Fiscus, 127 Ind. 283, 26 N. E. 831; Gosnell v. Flack, 76 Md. 423, 18 L.R.A. 158, 25 Atl. 411; Howland v. Heckscher, 3 Sandf. Ch. 519; Re Timerson, 39 Misc. 675, 80 N. Y. Supp. 639; Ex parte Wilson, 84 S. C. 444, 66 S. E. 675; C. A. Weston Co. v. Colby, 107 Me. 104, 77 Atl. 637; Esmond v. Esmond, 154 Ill. App. 357; Sanchez v. Forster, 133 Cal. 614, 65 Pac. 1077; Re Angle, 148 Cal. 102, 82 Pac. 668; Re Moore, 96 Cal. 522, 31 Pac. 584; Boyer v. Robinson, 26 Wash. 117, 66 Pac. 119; Re Smith, 108 Cal. 115, 40 Pac. 1037; Cowen v. Adams, 24 C. C. A. 198, 47 U. S. App. 439, 78 Fed. 545; Batton v. Allen, 5 N. J. Eq. 99, 43 Am. Dec. 630; Hill v. Bloom, 41 N. J. Eq. 276, 7 Atl. 438; Bowen v. Evans, 70 Iowa, 368, 30 N. W. 638; Armour v. Kendall, 15 R. I. 193, 2 Atl. 311; Willock's Estate, 165 Pa. 522, 30 Atl. 1043; Ross, Prob. Law, § 541, p. 844; Allen v. Edwards, 136 Mass. 138; Blackler v. Boott, 114 Mass. 26; 2 Woerner, Am. Law of Administration, 2d ed. *1237, § 564.

The county courts of this state possess the necessary powers to administer remedies in accord with the general principles of equity, relating to matters of probate of wills and settlement of estates of persons dying intestate. Beach, Eq. Jur. § 1033; Williams v. Miles, 63 Neb. 859, 89 N. W. 451; Martinovich v. Marsicano, 137 Cal. 354, 70 Pac. 459; Head v. Spier, 66 Kan. 386, 71 Pac. 833; Proctor v. Dicklow, 57 Kan. 119, 45 Pac. 86.

The probate court has the right to make distribution and to deter-

mine who is entitled to the funds of the estate. Re Lietman, 149 Mo. 112, 73 Am. St. Rep. 374, 50 S. W. 307; Dutoit v. Doyle, 16 Ohio St. 400; Earnest v. Earnest, 5 Rawle, 213; Batton v. Allen, 5 N. J. Eq. 99, 43 Am. Dec. 630; Martin v. Martin, 170 Ill. 18, 48 N. E. 694; Dickinson's Estate, 148 Pa. 142, 23 Atl. 1053; Esmond v. Esmond, 154 Ill. App. 357.

FISK, J.  The statement of facts by appellants' counsel is conceded to be correct with one minor exception, which will be noted later. Such statement is as follows:

Martin G. Flaagan was the son of one Gunder O. Flaagan. Gunder O. Flaagan died October 28, 1911, intestate, leaving among his other heirs, the said Martin G. Flaagan.

Prior to the death of Gunder O. Flaagan he had loaned to his son approximately $900, evidenced by promissory notes, which appear in the record as exhibits A and B. In addition thereto, plaintiffs claim that Martin G. Flaagan was indebted to Gunder O. Flaagan in an open book account aggregating approximately $2,900. Under plaintiffs' claim, therefore, and under the findings of the court in that connection, at the time of the death of Gunder O. Flaagan, Martin G. Flaagan owed Gunder O. Flaagan, in the relation of debtor and creditor, $3,743.

Prior to the death of Gunder O. Flaagan, said Martin G. Flaagan was indebted to various other persons, among them the defendants in this case, these appellants. All of the claims held by appellants were reduced to judgment, prior to the death of Gunder O. Flaagan, and were duly of record in Nelson county, North Dakota.

Upon the death of Gunder O. Flaagan, intestate, he left as a part of his estate, real estate located in Nelson county, North Dakota, worth many thousands of dollars, which real estate was all unencumbered. Martin G. Flaagan was one of several heirs to this property.

Upon the probate of said estate, the probate court attempted to charge off the distributive share of the said Martin G. Flaagan, which distributive share was found in the final decree to be $4,413.41, the indebtedness which had been due from Martin G. Flaagan to Gunder O. Flaagan, and upon the death of Gunder O. Flaagan to the estate of Gunder O. Flaagan, which indebtedness was found in the decree to be $4,709.11, and the probate court therefore attempted to exclude the

said Martin G. Flaagan from participation in the distribution of said estate, for the reason that the indebtedness of the said Martin G. Flaagan to said estate exceeded the distributive share of the said Martin G. Flaagan, in said estate. The defendants, judgment creditors of the said Martin G. Flaagan, began proceedings to enforce their judgments against Martin G. Flaagan by having execution issued on such judgments, and levies made upon the one-seventh interest of the said Martin G. Flaagan in the real estate which constituted a part of the estate of Gunder O. Flaagan, deceased. One execution was actually levied upon the real estate and a sale thereon ordered, when the plaintiffs, who had come into the record ownership of such real estate, by successive conveyances from the other heirs, excluding Martin G. Flaagan, brought the pending action, asking for a permanent injunction restraining the defendants from attempting to collect said judgments against any interest of Martin G. Flaagan in said real estate, and further praying a decree quieting the title of such real estate in the plaintiffs, free from any interest or lien on the part of the defendants by reason of the said judgments against the said Martin G. Flaagan. The action was tried and the trial court found in favor of the plaintiffs and made findings of fact, conclusions of law, and order for judgment in favor of the plaintiffs, upon which order judgment was duly entered, and from which judgment defendants appealed.

The sole question upon this appeal, under the facts, therefore, is whether the indebtedness owing from Martin G. Flaagan to the estate of Gunder O. Flaagan is a prior lien upon the distributive share of Martin G. Flaagan in the real estate constituting said estate, as against valid judgments against the said Martin G. Flaagan, which judgments were in force and of record prior to the death of the intestate, and which, by force of the statute, became a lien upon any interest of the judgment debtor in real estate within the particular county, and upon which judgments, executions had been issued and levies made. The trial court held that the estate had a prior claim, as against the distributive share of the heir, for the payment of the debts due from the heir to the estate, to which prior claim the lien of defendants' judgments, together with the enforcement of the same by execution, was subordinate.

It is conceded that no action or proceeding was ever brought by or on behalf of the estate for the purpose of the collection of the indebt-

edness due the estate from Martin G. Flaagan; and it is conceded that no levy of execution, attachment, or any other process was had on behalf of the estate with respect to the indebtedness or distributive share of the said Martin G. Flaagan in such estate. It is further conceded that the indebtedness due from Martin G. Flaagan to Gunder O. Flaagan was not, in any respect, in the nature of an advancement, as defined by our statute, but that such indebtedness was a simple indebtedness establishing the relation of debtor and creditor between the father and son.

The statement above that all of the claims of appellants were reduced to judgment prior to the death of Gunder O. Flaagan is inaccurate. A portion only of such claims were in judgment prior to his death. This, however, is not of vital importance.

The action is a statutory one to determine adverse claims to real property. Defendants rely upon the alleged priority of their judgment liens over the rights of plaintiffs. The latter recovered judgment in the court below, and the cause is here for trial *de novo*. As stated by appellants' counsel, "The sole question upon this appeal, under the facts, therefore, is whether the indebtedness owing from Martin G. Flaagan to the estate of Gunder O. Flaagan is a prior lien upon the distributive share of Martin G. Flaagan in the real estate constituting said estate, as against valid judgments against the said Martin G. Flaagan."

The question thus presented is a new one in this jurisdiction, and is somewhat difficult of solution.

Counsel for appellants have presented a very able and plausible argument in support of their contention. They call our attention to Rev. Codes 1905, § 5186, which provides that "the property, both real and personal, of one who dies without disposing of it by will, passes to the heirs of the intestate, subject to the control of the county court, and to the possession of any administrator appointed by that court for the purpose of administration," and they draw the conclusion therefrom that immediately upon the death of Gunder O. Flaagan his son Martin G. Flaagan succeeded to an undivided one-seventh interest in the real property, and that appellants' judgments immediately attached thereto as a lien. The strict accuracy of such conclusion is dependent, however, upon the existence or nonexistence of an equitable power in the

county court, in the distribution of the estate, to withhold from Martin G. Flaagan's distributive share an amount equivalent to his indebtedness to the estate. If such equitable power exists, then, under the facts, there would be nothing coming to Martin and therefore nothing upon which the judgment liens could attach, except, perhaps, the naked legal title to a one-seventh interest in such real property. But counsel for appellant argue, in effect, that we must look alone to the provisions of our Code for authority to make such equitable set-off; and they call attention to the fact that no such statutory provisions exist, and that the only provisions authorizing the interest of an heir to be applied in payment of an indebtedness due the ancestor is in case of advancements to such heir. Sections 5197, 5199, 5200, Rev. Codes 1905, relate to such advancements. It is entirely clear, as counsel contend, that the indebtedness owing by Martin to his father was not an advancement as defined by the sections of the Code above referred to. Indeed, an advancement does not involve an indebtedness at all, and it is equally clear that Martin became indebted to his father under a promise to repay such indebtedness. This created the simple relation of debtor and creditor between them, and cannot be considered, in any sense, advancements, within the meaning of the Code definition of that term; and if appellants are correct that the legislature intended to single out advancements as contradistinguished from indebtedness owing by an heir to the estate, and to create rights of equitable set-off with respect thereto, and withhold such rights as to indebtedness not in the nature of advancements, then, and in that case, the judgment of the district court is erroneous. In other words, unless a simple indebtedness from the heir to the estate should be treated upon the same basis and with the same force and effect as though created by way of advancements, the county court was unauthorized to make the equitable distribution of the estate in the manner attempted.

Counsel for appellants earnestly contend for the rule announced in Marvin v. Bowlby, 142 Mich. 245, 4 L.R.A.(N.S.) 189, 113 Am. St. Rep. 574, 105 N. W. 751, 7 Ann. Cas. 559, and cases cited.

We have examined these authorities, and have carefully noted the reasoning in the opinions. Most of them, as in the Marvin-Bowlby Case, recognize the general doctrine that the distributive share due an heir from personal estate may be applied by the administrator in pay-

ment of a debt due the estate by such heir, but they draw a distinction between personal and real estate in applying such doctrine. The Michigan court, among other things, says: "It is a recognized doctrine that the distributive share derived from personal property of an heir indebted to an estate may be retained by the administrator in payment of such debt. This same doctrine has also been applied to a debtor legatee by an unbroken line of authorities from the earliest English decisions to the present time. The doctrine is founded upon principle as well as upon authority. It is, in fact, the collection of a debt due the estate. Personal estate is assets in the hands of the administrator. He is required by law to convert personal property into money, to collect all debts due the estate from all debtors, including heirs. The heir has no title or claim to personal estate, except a distributive share in the surplus after payment of debts and expenses of administration.

"No such doctrine has prevailed as to real estate. The title to the real estate vests in the heir at the date of the death of the ancestor. Real estate is not assets in the hands of a personal representative, and, unless otherwise charged by the terms of a will, is subject only to the contingency of a sale of so much thereof as may be necessary to pay the debts of the estate in case there is not sufficient personal estate for that purpose. This statutory contingency is a modification of the common law, and no sale of real estate to pay debts of the estate could be made before this modification."

The court reviews and criticizes numerous authorities holding to the contrary, including Oxsheer v. Nave, 90 Tex. 568, 37 L.R.A. 98, 40 S. W. 7; Streety v. McCurdy, 104 Ala. 493, 16 So. 686; Fiscus v. Moore, 121 Ind. 547, 7 L.R.A. 235, 23 N. E. 362; Koons v. Mellett, 121 Ind. 585, 7 L.R.A. 231, 23 N. E. 95; Donaldson's Estate, 158 Pa. 292, 27 Atl. 959; Gosnell v. Flack, 76 Md. 423, 18 L.R.A. 158, 25 Atl. 411; New v. New, 127 Ind. 576, 27 N. E. 154, and concludes that the great weight of authorities hold the contrary doctrine, to the effect that the distributive share of the real estate of an heir, debtor to the estate of his ancestor, is not chargeable with such indebtedness, either as against the land or the proceeds of the sale thereof in the hands of the administrator.

The distinction thus drawn by the Michigan court between real and personal estates is not applicable in North Dakota, for, as above stated

by § 5186, Rev. Codes, the property, both real and personal, of one who dies intestate, passes to the heirs of such intestate, subject to the control of the county court, and to the possession of the administrator for the purposes of administration. In other words, no distinction whatever is made between the two classes of estates in this regard.

With due deference to the opinion of the Michigan court, we think the great weight of authority, as well as the better reasoning, is opposed to its holding in Marvin v. Bowlby, 142 Mich. 245, 4 L.R.A. (N.S.) 189, 113 Am. St. Rep. 574, 105 N. W. 751, 7 Ann. Cas. 559.

As stated by Judge Woerner in 2 Am. Law of Administration, 2d ed. § 564, "the tendency seems to be in favor of the right of set-off" as to real as well as personal property, and in 1 Ross on Probate Law & Practice, p. 845, it is unqualifiedly stated that "the indebtedness of a distributee to the estate may be deducted from his share," citing the recent cases of Boyer v. Robinson, 26 Wash. 117, 66 Pac. 119; Ayres v. King, 168 Mo. 244, 90 Am. St. Rep. 452, 67 S. W. 558; Re Lietman, 149 Mo. 112, 73 Am. St. Rep. 374, 50 S. W. 307; Irvine v. Palmer, 91 Tenn. 463, 30 Am. St. Rep. 893, 19 S. W. 326; Re Angle, 148 Cal. 102, 82 Pac. 668. To these may be added the following: Keever v. Hunter, 62 Ohio St. 616, 57 N. E. 454; Head v. Spier, 66 Kan. 386, 71 Pac. 833; Gosnell v. Flack, 76 Md. 423, 18 L.R.A. 158, 25 Atl. 411; Dickinson's Estate, 148 Pa. 142, 23 Atl. 1053, and other authorities too numerous to mention.

The reasoning of appellants' counsel that because the legislature singled out advancements and made them subject to equitable set-off, and did not do so as to indebtedness owing by heirs or distributees, that the legislative intent was not to allow such set-off as to such indebtedness is, we think, unsound. The legislation thus enacted was, no doubt, for the purpose of distinguishing advancements from gifts, and not for the purpose of affecting, in the least, the rights of heirs or distributees who might be indebted to the estate. Indebtedness due the estate is a part of its assets for distribution after payment of the debts and expenses of administration; but neither gifts nor advancements can be thus considered. Legislation was thus necessary in the one case, but not in the other. As said by the Ohio court in Keever v. Hunter, 62 Ohio St. 616, 57 N. E. 454, "A proposition necessarily involved in the decision of the circuit court is that in a case of this

character a son who owes a debt which is payable at all events occupies a better position than one who has received an advancement which is not payable otherwise than as it may serve to diminish his inheritance. The conclusion does not contribute to the equality of inheritance which is made so prominent in the legislation and the decisions of this state. The statute upon the subject of advancements distinguishes gifts by way of advancement from other gifts. It does not make a gift by way of advancement more onerous to the child who receives it than is a debt to the child who owes it. It is not important whether, to secure equality in cases of this character, we adopt the doctrine of equitable set-off, as has been done by some courts, or, for that purpose, regard the debt as an advancement, as has been done by others. The ground of decision is that it is inequitable and at variance with the policy defined in our statutes to permit one to share in an estate which is diminished by his default and to the prejudice of those whose rights are equal to his." The court then quotes from Judge Woerner in his American Law of Administration, vol. 1, § 71, as follows: "The distinction between debts owing by an heir and advancements made to him by the intestate is sharply drawn; in some states debts so owing cannot be deducted from the share of the heir in the real estate, and from the personal estate only by way of set-off, but the true principle seems to be that a debt owing by an heir constitutes part of the assets of the estate, as much as that of any other debtor, for which he should account before he can be allowed to receive anything out of the other assets; and it is so held in the United States." It should be noted that Ohio, as well as several other states, have statutes similar to North Dakota relative to advancements and the duty of offsetting the same in the distribution of estates.

In Dickinson's Estate, 148 Pa. 142, 23 Atl. 1053, it was squarely held that when one of the heirs of decedent was indebted to decedent, and the latter died intestate, an equal distribution of decedent's estate can only be effected by charging the heir with the advancement, or requiring him to pay his indebtedness by applying his share of the estate to that object, and the rights of creditors of the heir are dependent upon his rights. They claim through him. If the heir's share is insufficient to discharge his indebtedness to the decedent's estate, his creditors take nothing in the distribution.

The Washington court in the recent case of Boyer v. Robinson, 26 Wash. 117, 66 Pac. 119, in a case on all fours with the case at bar, unqualifiedly approve the decision in Oxsheer v. Nave, 90 Tex. 568, 37 L.R.A. 98, 40 S. W. 7, and state that the rule there announced has the support of the weight of authority. Among other things, it is there said: "It seems apparent that before the devisee can have a distributive interest in the estate his debt due the estate must be settled. The interest of the devisees cannot be distributed until the assets of the estate are determined. The averments of the complaint show that Franklin D. Boyer has in fact no interest in the estate. The claim of lien, then, is an unsubstantial cloud upheld by appellant."

In the case of Ayres v. King, 168 Mo. 244, 90 Am. St. Rep. 452, 67 S. W. 558, the Missouri court in a very terse and clear statement fully upholds the views above expressed. The syllabus is as follows: "An heir who owes the estate far more than his distributive share therein has no such interest therein as will enable him to maintain a partition suit. Nor has his creditor who has reduced his claim against him to judgment, and had his interest in the estate sold under execution, and obtained a sheriff's deed therefor." See also Gosnell v. Flack, 76 Md. 423, 18 L.R.A. 158, 25 Atl. 411.

These, and kindred cases too numerous to mention, announce a salutary, equitable, and just rule, and we adopt the same as the rule in this jurisdiction. For authorities in addition to the above, see note to Marvin v. Bowlby, 7 Ann. Cas. pages 564 and 565.

As seen by appellants' statement of facts, they concede that the sole question upon this appeal is whether the indebtedness owing from Martin G. Flaagan to the estate of his father is a prior lien upon the distributive share of Martin in the real property as against appellants' judgments. But later in their brief they question the correctness of the finding as to the amount of such indebtedness, and assert that there is a difference in favor of Martin between his indebtedness and his distributive share in approximately $700. Counsel do not seriously urge the correctness of their suggestion in this respect, but content themselves with a naked statement of such discrepancy between the finding on this point and the evidence, citing pages 14 and 15 of statement of case. Suffice it to say that, after an examination of the evidence, we deem the finding thus challenged fully sustained.

28 N. D.—11.

But one other question need be considered, which is the power and authority of the county court to direct such equitable set-off. Its exercise of such power and authority involves its jurisdiction to determine judicially the fact and the extent of Martin's indebtedness to the estate. We think there can be no question as to such jurisdiction. It clearly has undoubted authority to determine who the proper distributees of the estate are and the portion to which each is entitled. We think the correct rule is announced in the case of Holden v. Spier, 65 Kan. 412, 70 Pac. 348, from which we quote: "The probate court, having jurisdiction to make settlement and distribution of a decedent's estate, may determine the share of each distributee, and to that end can inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share."

In this connection see also Head v. Spier, 66 Kan. 386, 71 Pac. 833, wherein the rule in the Holden Case is stated to be the general rule, citing Dutoit v. Doyle, 16 Ohio St. 400, 4 Am. & Eng. Enc. Law, 379; Earnest v. Earnest, 5 Rawle, 213; Batton v. Allen, 5 N. J. Eq. 99, 43 Am. Dec. 630; Martin v. Martin, 170 Ill. 18, 48 N. E. 694; Cheyney's Appeal, 148 Pa. 142, 23 Atl. 1053.

If the county court has jurisdiction, as it no doubt has, as incident to its authority to make settlement and distribution of a decedent's estate, to inquire into and determine the indebtedness of the distributee to the estate, and order a deduction of the same from his share, then it would seem to logically follow as a necessary conclusion that the decree of distribution would be final and conclusive as against a collateral attack. Upon this question see 1 Ross on Probate Law & Practice, §§ 542–544 inclusive; also § 7898, Rev. Codes 1905, which provides: "The proceedings of a county court in the exercise of its jurisdiction are construed in the same manner and with like intendments as the proceedings of courts of general jurisdiction, and to its records, orders, and decrees there is accorded like force, effect, and legal presumptions as to the records, orders, judgments, and decrees of courts of general jurisdiction." See also Rev. Codes §§ 8211 and 8212, and Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008, and cases cited. Also Re Angle, 148 Cal. 102, 82 Pac. 668; Re Crooks, 125 Cal. 459, 58 Pac. 89; Hopkins v. White, 20 Cal. App. 234, 128 Pac. 780.

It follows that the judgment appealed from was correct, and the same is accordingly in all things affirmed.