No. 20,293.

MRS. ROSE MALANEY, *Appellant,* V. ALLEN N. CAMERON and O. C. BROWN, as Administrator, etc., *Appellees.*

OPINION ON REHEARING.

### SYLLABUS BY THE COURT.

1. ADOPTION OF CHILD — *Oral Promise to Adopt — Unperformed — No Right of Inheritance.* While an unperformed promise to adopt may in some circumstances give the beneficiary a valid claim against the estate of the promisor, no right of inheritance can be thereby created.

2. SAME—*Promise to Adopt—Promisor Free to Dispose of His Property.* Neither a promise to adopt nor an actual adoption will prevent the promisor from making such disposition of his property as he may see fit, acting in good faith.

3. ADOPTION CONTRACT—*Unperformed—No Inheritance—Ejectment by Promisee.* The existence of a valid but unperformed contract to adopt a child gives to the child no right, to maintain ejectment for an interest in land conveyed by the promisor to his own son upon the death of the latter intestate, leaving neither issue nor parent, although the child would then have inherited it if an adoption had taken place in accordance with the agreement.

Appeal from Douglas district court; CHARLES A. SMART, judge. Opinion on rehearing filed November 11, 1916. Judgment of affirmance adhered to. (For original opinion of affirmance see 98 Kan. 620, 159 Pac. 19.)

*Ord Clingman,* of Lawrence, for the appellant.

*J. B. Larimer,* of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Rose Malaney brought an action to recover an interest in land which the record showed to have been conveyed by Noah Cameron to his two sons, Allen and Huber, on the ground that the deeds were not delivered until after the death (intestate, and without other heirs than those named) of the grantor, and that she was entitled to a part of the property as his adopted daughter. Judgment was rendered against her, and on an appeal it was decided that the evidence sustained the finding of the trial court, that the deeds had been delivered in the lifetime of Noah Cameron, and were therefore

effective. (*Malaney v. Cameron,* 98 Kan. 620, 159 Pac. 19.)
It was also determined that there had been no legal adoption
of the plaintiff, and inasmuch as these conclusions were re-
garded as settling the controversy, no decision was made of
the question whether a contract to adopt had been entered into
and so far acted upon as to give her a valid claim against the
estate. In a petition for a rehearing it was urged that even
conceding the title to the land to have passed by the deeds, the
plaintiff was entitled to an interest in the portion conveyed to
Huber Cameron, because he had since died intestate, survived
by neither parent nor child, nor by any brother or sister other
than Allen Cameron. For a consideration of this contention a
rehearing was granted.

In behalf of the plaintiff it is argued that she was entitled
to the rights of an adopted child of Noah Cameron; that the
statute (Gen. Stat. 1909, § 2954) declares that on the death
of Huber Cameron his property should be disposed of as
though his father had outlived him, and died in its possession
and ownership; that if Noah Cameron had owned this prop-
erty at the time of his death the plaintiff could have enforced
her claim against it; therefore she can do so now. In support
of this view it is urged that, although under our law a brother
is conceived as inheriting directly and not mediately from a
brother (*The State v. Ellis,* 72 Kan. 285, 83 Pac. 1045), he
takes his distributive share of the estate subject to any exist-
ing equity in favor of the estate against the parent through
whom he inherits (*Head v. Spier,* 66 Kan. 386, 71 Pac. 833).

1. If the plaintiff were the legally adopted child of Noah
Cameron she would probably, under our statute, inherit from
his son (*Riley v. Day,* 88 Kan. 503, 505, 129 Pac. 524), al-
though the contrary rule is usual elsewhere (1 C. J. 1401; 2
Enc. L. & P. 240; 1 R. C. L. 622). But as no legal adoption had
taken place she had acquired no right of inheritance. The
agreement between her father and Noah Cameron, supple-
mented by her later relations with him, gave her, at the most, a
right to assert a claim under the contract against his estate.
"The courts merely enforce the contract which has been fully
performed on one side; they do not undertake to change the
status of either party, or to decree that the child is entitled to
the right of inheritance as an heir." (1 R. C. L. 617.) "The

mere contract to adopt is not sufficient of itself to make the child a legal heir of the promisor, because the right to take as heir exists only by operation of law. The child takes in these cases by virtue of the contract and by way of damages or specific performance." (1 C. J. 1378. See, also, 2 Enc. L. & P. 246, 247.) The statutory provision that the property of an intestate who leaves neither issue nor parent shall be disposed of as though his parent had survived him and died owning it, relates to the descent of the property—its disposal by the law of inheritance—and has no relation to rights that may be asserted under a contract. The title to the real estate owned by Huber Cameron at the time of his death, in its theoretical course to his brother, Allen Cameron, through their father, Noah Cameron, encountered no obligation owed by Noah Cameron to Huber.

2. Assuming that Noah Cameron had made an enforceable promise to adopt the plaintiff—to make her his heir—this did not bind him to leave anything for her to inherit, or prevent his disposing of his property in any way he saw fit, provided he acted in good faith. (1 C. J. 1378; 2 Enc. L. & P. 241; 1 R. C. L. 619. See, also, Note, 44 L. R. A., n. s., 756; Note, L. R. A. 1916 D, 424.) Therefore the deed from him to Huber Cameron passed a clear title, and the plaintiff has no greater claim with respect to the land so conveyed than with respect to any other property owned by Huber Cameron at the time of his death.

3. It may be argued that if the promise to adopt the plaintiff had been performed she would have inherited a part of the property left by Huber Cameron, and that Noah Cameron's breach of contract by failing to adopt her injured her by preventing such inheritance, thereby giving her an action for damages against his estate. If so, she can not enforce it in this proceeding, which is one for ejectment and partiton and for rents and profits, and is founded upon the proposition that she owns an interest in the specific real estate involved.

The judgment of affirmance heretofore rendered, denying relief to the plaintiff, is adhered to.