No. 20,293.

MRS. ROSE L. MALANEY, *Appellant*, v. ALLEN N. CAMERON and
O. C. BROWN, as Administrator, etc., *Appellees.*

OPINION DENYING A SECOND REHEARING.

SYLLABUS BY THE COURT.

DESCENTS AND DISTRIBUTIONS—*Inherited Property—Liability for Debts.*
Under the statute providing that the property of an intestate, who is
survived by neither spouse, issue nor parent, shall be disposed of in
the same manner as if a parent had outlived him and died in its pos-
session and ownership, property inherited by one son of a deceased
father from another can not be subjected to the payment of indebted-
ness owed by the father to any one other than the deceased son.

Appeal from Douglas district court; CHARLES A. SMART,
judge. Opinion denying a second rehearing filed January 6,
1917. (For original opinion of affirmance see 98 Kan. 620, 159
Pac. 19. For opinion on rehearing adhering to judgment of
affirmance see *ante,* p. 70.)

*Ord Clingman,* of Lawrence, for the appellant.

*J. B Larimer,* of Topeka, for the appellees.

The opinion of the court was delivered by

MASON, J.: In this case we held that, assuming that Noah
Cameron made a valid contract to adopt Rose L. Malaney as
his daughter, and failed to do so, this gave her no claim against
property conveyed by him to his son Huber, and inherited by
another son (Allen N.) upon Huber's death intestate. In the
opinion it was said:

"It may be argued that if the promise to adopt the plaintiff [Rose L.
Malaney] had been performed she would have inherited a part of the
property left by Huber Cameron, and that Noah Cameron's breach of
contract by failing to adopt her injured her by preventing such inherit-
ance, thereby giving her an action for damages against his estate. If so,
she can not enforce it in this proceeding, which is one for ejectment and
partition and for rents and profits, and is founded upon the proposition
that she owns an interest in the specific real estate involved." (*Malaney
v. Cameron,* ante, pp. 70, 72.)

In a petition for a rehearing the plaintiff urges that the
character of her action should not prevent her recovery in

Malaney v. Cameron.

this proceeding, but that she should be allowed to assert here any right she may have.  We are not disposed to attach great importance to mere matters of form, but throughout this litigation the plaintiff has sought to reach the property conveyed away by Noah Cameron, and no other.  A judgment for damages against his estate, to be made out of other property, has not been asked, and apparently is not now sought, for in the petition for a rehearing it is said that "practically all of the property to be ultimately affected by any recovery on behalf of appellant is involved in this suit now before the court." Counsel for the plaintiff appears to interpret the opinion as intimating that by a different procedure she might be able to subject to the payment of her claim the real estate conveyed by Noah Cameron to Huber, and inherited from him by Allen. It was not the intention of the court to convey such a meaning.  Possibly the plaintiff might have maintained an action against the estate of Noah Cameron, seeking a judgment to be made out of any property he owned at the time of his death; but we hold that the property which he had conveyed to his son Huber can not by any method be made liable to her claim. The argument to the contrary is that when Huber died intestate, leaving his brother Allen as his sole heir, this land under the statute was to be disposed of "in the same manner" as if his father (Noah) had outlived him, and died in its possession and ownership; that if the father had died owning the land the plaintiff could have subjected it to the payment of her claim; and therefore, as it is to be disposed of in the same manner as if that had happened, she has the same right now. The answer to this is that the father did not actually inherit the property, and could not do so after his death.  His estate can not be augmented by the subsequent death of intestates from whom he would have inherited if still alive.  In this state, upon equitable grounds, the share of one who inherits by reason of his descent from a deceased ancestor may be reduced by any indebtedness owed by such ancestor to the intestate (*Head v. Spier,* 66 Kan. 386, 71 Pac. 833), a matter as to which the courts elsewhere are divided (9 R. C. L. 111).  But the principle by which an inheritance is charged with a debt owed by an ancestor, descent from whom gives the heir his title,

seems never to have been applied to an indebtedness owed to any one other than the person from whom the property is inherited, and we do not think it can be so extended as to enable general creditors of a parent to reach property inherited after his death by one of his sons from another. Whether in other connections an heir of a collateral relative is deemed to take directly or mediately, in the present situation the title to the land, in its course from Huber Cameron to Allen N. Cameron, can not be regarded as passing through their father, Noah Cameron, in such sense as to render it subject to the payment of any claim for damages the plaintiff may have against his estate.

The petition for a rehearing is denied.