SMITH, Appellant, v. HALE, et al, Respondents.

(227 N. W. 373.)

(File No. 6709. Opinion filed November 8, 1929.)

*Bailey & Voorhees* and *Ray F. Bruce,* all of Sioux Falls, for Appellant.

*H. H. Holdridge,* of Madison, and *Sterling, Clark & Grigsby,* of Redfield, for Respondent.

BROWN, J. Fred M. Hale died testate on November 5, 1925, and his will was admitted to probate on February 5, 1926. Charles H. Hale was appointed administrator with the will annexed. By the terms of the will Carston E. Olstad was bequeathed the sum of $10,000. At the time of Hale's death Olstad owed him the amount of two promissory notes, one for $4,000, unsecured, dated November 1, 1924, due November 1, 1925, with interest at 5 per cent from date until paid, no part of which had been paid, and one for $20,000, dated April 22, 1925, due May 1, 1933, with interest at 5 per cent, secured by a mortgage on city property in Madison. Default occurred in the terms of the mortgage, whereby the whole amount secured became due, and on October 19, 1926, in an action for the foreclosure of the mortgage, judgment was given in favor of the administrator for $22,041.35 and for the foreclosure of the mortgage. On November 5, 1926, the mortgaged premises were sold for $12,316.97, leaving a deficiency of $10,000 due on the judgment, which amount with interest thereon, is still unpaid. On March 5, 1926, Olstad was adjudged an involuntary bankrupt, and this action is brought by the trustee in bankruptcy to recover the amount of the $10,000 legacy bequeathed to Olstad by Hale's will.

In his answer the administrator set up by way of counterclaim and offset the indebtedness of Olstad to Hale's estate in a sum exceeding $14,000, and alleges that there is nothing due Olstad on the legacy by reason of this counterclaim and offset.

14

Appellant demurred to the counterclaim and offset upon the ground "that the said further defense, counterclaim and set-off does not state facts sufficient to constitute a defense or counterclaim or set-off," and appeals from an order overruling his demurrer.

 Appellant's contention that the set-off or counterclaim cannot be set up in a suit in the state court, but is cognizable only in the bankruptcy court, cannot be sustained.

"A person who is indebted to the bankrupt is entitled as against the trustee, to assert and enforce any set-off or counterclaim which he may have and which he might have asserted and enforced as against the bankrupt, and if the claim is such as would be provable against the estate, the fact that proof thereof has been made does not affect his right to assert it as a set-off or counterclaim in an action against him by the trustee to recover his indebtedness to the bankrupt." 7 C. J. 143, § 238. See, also, Norfolk & W. Ry. Co. v. Graham, 145 F. 809, 76 C. C. A. 385.

If he has the right of set-off or counterclaim, it inevitably follows that the right may be asserted in whatever forum he is sued, and the notes to the section just quoted from 7 C. J. show that in many of the cases the offset or counterclaim was set up in actions brought by the trustee in state courts. The above quotation also refutes appellant's argument that the claim of the estate against Olstad must be presented in the bankruptcy court before it can be available in this action.

 Appellant makes the further argument that the administrator's right of retainer of the legacy and his right to apply it on the indebtedness due from Olstad to the estate is neither a counterclaim nor set-off under the Bankruptcy Act (11 USCA), but this is refuted by his own argument that the counterclaim of the estate against Olstad should have been proved in the bankruptcy court. If it should have been proved there, it was a provable claim, and, if it was a provable claim, as it no doubt was, then it may be asserted as a set-off or counterclaim in an action against the administrator by the trustee in bankruptcy.* The indebtedness of a distributee or legatee to the estate may properly be deducted from his share or legacy, and the share of an insolvent distributee will be applied to the debt due the estate, and will not pass to the trustee in insolvency. 18 C. J. 883, § 148; 24 C. J. 847, § 1317; Stenson

v. H. S. Halvorson Co., 28 N. D. 151, 147 N. W. 800, L. R. A. 1915A, 1179, Ann. Cas. 1916D, 1289.

The trial court properly overruled the demurrer, and its order is affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BURCH, JJ., concur.